## SULLIVAN HARDWARE CO. v. WASHINGTON.

FORECLOSURE—EQUITY—TRIAL BY JURY—COUNTER-CLAIM—CASE FOL-
   LOWED.—In an action on the equity side of the court to foreclose a
   chattel mortgage, a defendant, who sets up a counter-claim for dam-
   ages growing out of the consideration of the mortgage, has not the
   right to demand a jury trial of the issues raised by the counter-claim.
   *Following McLaurin* v. *Hodges*, 43 S. C., 187.

Before TOWNSEND J., Laurens, Feb., 1896.    Affirmed.

Action by the Sullivan Hardware Co. against J. W. Washington, D. C. Smith, J. H. Wharton, and R. N. Cunningham, to foreclose a chattel mortgage given to secure purchase money of certain machinery. The defendants set up counter-claim for damages for breach of warranty, and demanded jury trial of this issue. Circuit Court refused the motion. Defendants appeal.

*Messrs. Furguson & Featherstone*, for appellants, cite: Pom. Rem., 738; 30 S. C., 115; 12 S. C., 108; 22 S. C., 320; 18 S. C., 232; 23 S. C., 202; 43 S. C., 187.

*Messrs. Johnson & Richey*, contra, cite: Code, 274; 43 S. C., 192.

July 16, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action to foreclose a mortgage on certain machinery, given to secure the payment of the sum of money mentioned in a note, given for the purchase money of such machinery. The defenses set up in the answer were failure of consideration, and breach of the warranty that such machinery was sound, and suitable for the purpose for which it was purchased by defendants. The defendants also pleaded a counter-claim for damages sustained by reason of the failure of the machinery to come up to the warranty, whereby defendants lost time and business, consequent upon such breach of warranty. To this counter-claim plaintiffs replied, denying the allegations upon which it was based. The case was docketed on Calendar 2, and when called for trial by his Honor, Judge Townsend, the defendants claimed that they were entitled to a jury trial of the issues raised by their counter-claim, and moved that the case be transferred to Calendar 1, for the trial of such issues. This motion was refused; and defendants appeal, imputing error to the Circuit Judge in refusing this motion. So that the single question presented by this appeal is, whether the defendants, in a case like this, were entitled to a trial by jury of the issues presented by their counter-claim.

Appellants base their claim upon the ground that a counter-claim is, in effect, a complaint for recovery of the money alleged therein to be due, and is in the nature of a cross-action; and thus, being an action for the recovery of money, must be tried by a jury, unless a jury trial be waived. Sec. 274 of the Code. It seems to us, that the question thus presented is so conclusively determined by the recent case

of *McLaurin* v. *Hodges*, 43 S. C., 187, as to obviate the
necessity of further discussion.   In that case, the plaintiff
instituted his action for the foreclosure of a mortgage, and
the defenses set up by the defendant were usury, as well as
a counter-claim for double the excess of the usurious inter-
est received by the plaintiff on the mortgage debt.   There,
as here, defendant claimed the right to a trial by a jury of
the issues presented by the counter-claim.   But the Court
there held, that as the defense and counter-claim affected
directly the amount due on the mortgage, and was not a
defense separable from plaintiff's equitable cause of action,
the defendant was not entitled to a trial by jury of the is-
sues presented by the counter-claim; but that all the issues
in the action were triable under the rules and practice of
the Court of Equity.   In that case, Mr. Justice Pope, in
delivering the opinion of the Court, laid down the rule in
the following explicit language: "The principle which must
enter into a defense to an equitable cause of action to give
the defendant the right to demand a trial before a jury is,
that it exists as a separate and distinct matter from plaintiff's
equitable cause of action.   If it is not separate and distinct
therefrom, it must, for its trial, be subject to the same
forum in which the plaintiff's cause of action is triable."
This principle is directly applicable to the case under con-
sideration; for it is quite manifest that the defense here set
up is not a separate and distinct matter from plaintiff's equi-
table cause of action; but, on the contrary, lies directly at
the foundation of the plaintiff's equitable cause of action,
and constitutes a part of the very same transaction.   Indeed,
if the defendants should be allowed to have the question as
to whether there was a breach of the warranty, and a con-
sequent failure of consideration, tried by a jury, the practical
effect would be to deny to the plaintiffs their unquestionable
right to have such question tried by the forum in which
their equitable action was properly brought and was pending.

The judgment of this Court is, that the order appealed
from be affirmed.