### 17305

BARNWELL PRODUCTION CREDIT ASSOCIATION, Respondent, v. J. L. HARTZOG, Gerard Hartzog, The Federal Land Bank of Columbia, Planters Fertilizer & Phosphate Company and J. W. Conder Company, of whom The Federal Land Bank of Columbia is Respondent and J. L. Hartzog and Gerard Hartzog are, Appellants.

(98 S. E. (2d) 835)

*Gerard Hartzog, Esq.,* of Columbia, *for Appellants,* ▮▮▮

*Messrs. Frank P. McGowan* and *Robert H. Hodges,* of Columbia, and *Carter & Hiers,* of Bamberg, and *Blatt & Fales,* of Barnwell, *for Respondents,* ▮▮▮▮▮▮

June 6, 1957.

LEGGE, Justice.

This action was commenced in October, 1954, as the result of alleged default of the defendants J. L. Hartzog and

Gerard Hartzog in payment of a promissory note given by them to the plaintiff under date September 21, 1953, in the amount of $28,640.00 payable $10,000.00 on December 15, 1953, and $18,640.00 on September 15, 1954, with interest from date at 6% per annum, and in two mortgages of the same date as the note, one of real estate and the other of chattels (livestock, farm implements and motor vehicles), given by said defendants as security for the payment of said note. The Federal Land Bank of Columbia was made a party defendant as the holder of a senior mortgage of the real estate; and the two other corporate defendants were joined as judgment creditors of the individual defendants.

J. L. Hartzog and Gerard Hartzog appeal from an order of the circuit court refusing their motion to transfer the cause to calendar one for trial by jury and granting that of the plaintiff for a general order of reference.

The complaint, after setting forth the execution of the note and mortgages, alleged, in paragraph 11:

"11. That the plaintiff is now the owner and holder of the said described note, real estate mortgage and chattel mortgage; that the terms, covenants and conditions thereof have been breached in that the indebtedness evidenced by said note and mortgages has not been paid as and when due under the terms thereof; and there is now past due and owing thereon to the plaintiff by the said J. L. Hartzog and Gerard Hartzog the sum of Twenty-five Thousand Three Hundred Thirteen and 44/100 ($25,313.44) Dollars, as principal, and the sum of One Thousand Six Hundred Sixty-two and 02/100 ($1,662.02) Dollars, as interest, totaling the sum of Twenty-six Thousand Nine Hundred Seventy-five and 46/100 ($26,975.46) Dollars due as of October 9, 1954, together with reasonable attorney's fees for plaintiff's attorneys to be added thereon, as provided for by the terms of said note and mortgage; that payment thereof has been demanded and refused; *and, under the terms of the said chattel mortgage, the plaintiff is entitled to immediate possession*

*of the personal property described in paragraph 7 herein."*
(Italics ours.)

Paragraphs 12 and 13 explain the joinder of the corporate defendants; and in paragraph 14 is alleged that the plaintiff waives its right to a deficiency judgment.

The prayer is:

"1. That the amount due and owing the plaintiff by the defendants, J. L. Hartzog and Gerard Hartzog, on the said note and mortgages held by it and herein alleged, including interest and attorney's fees, be ascertained and determined by direction of the Court.

"2. That the amount, if any, owing on the real estate mortgage and now held by the defendant, The Federal Land Bank of Columbia, be ascertained and determined under the direction of the Court.

"3. *That possession of the personal property described in said chattel mortgage and described in paragraph 7 herein be given over to the plaintiff.* (Italics ours.)

"4. That the plaintiff's said mortgages be foreclosed, the equity of redemption barred, the mortgaged premises and personal property described herein be sold under the direction of the Court in the manner provided by law; that the proceeds derived from said sale be disbursed and applied as follows and in the order stated, that is to say: (a) To the payment of the cost of this action and any past due taxes assessed against the mortgaged premises and personal property; (b) To the payment of the amount ascertained to be owing on the said mortgage of The Federal Land Bank of Columbia, the same to be paid out of the proceeds derived from the sale of said tract of land only; (c) To the plaintiff the amount ascertained to be due and owing on its said note and mortgages, the same to be paid from the proceeds derived from the sale of the said tract of land and the personal property described herein; (d) The balance, if any, be paid to the defendants, other than The Federal Land Bank of Columbia, as their respective interests may appear.

"5. That the plaintiff be granted such other and further relief as the Court may adjudge to be just and equitable."

The Federal Land Bank of Columbia answered, setting up its first mortgage of the real estate in question. One of the other corporate defendants answered, setting up its judgment. The other corporate defendant defaulted.

The defendants J. L. Hartzog and Gerard Hartzog answered, alleging:

That the note of September 21, 1953, was a renewal note and was executed in reliance upon representations, by plaintiff's authorized agents, that the said defendants "would be given a period of time of five years or longer if necessary to repay the said renewal note by annual payments from the proceeds the defendants received from the sale of offspring of bulls, heifers, steers and culls from its registered purebred Hereford herd"; that the plaintiff, when it made such representations, never intended to carry them out, and thereafter refused to carry them out; that said representations were false, fraudulent, and part of a general scheme on the part of the plaintiff to induce the defendants to execute the said note and mortgages; that as the result of said false representations, fraud and deceit, the defendants' farming and stock-raising operations were drastically reduced and severely damaged; and that, because of such false representations, fraud and deceit the said note and mortgages are null and void. These defendants also set up a counterclaim in which they alleged that as the result of the aforementioned false representations, fraud and deceit on the part of the plaintiff they were forced by the plaintiff to sell some of their purebred cattle at a sacrifice, were refused advances of money that the plaintiff had promised to make to them annually for the purchase of fertilizer, seed and supplies, and were deprived of credit necessary for their farming and stock-raising operations, to their damage, actual and punitive, in the sum of $100,000.00.

Appellants' contention here is, as it was before the circuit judge, that they are entitled to trial by jury as a matter of right because:

1. The complaint contained a cause of action in claim and delivery;

2. The answer pleaded fraud and deceit; and

3. The counterclaim stated a cause of action in tort, based upon such fraud and deceit.

They concede that in respect of the chattel mortgage the respondent had the right to proceed either in claim and delivery or in foreclosure similar to that of a mortgage of real estate; and they take the position that because of (1) the last clause of paragraph 11 of the complaint and (2) the third paragraph of the prayer, hereinbefore quoted and italicized. it elected to proceed in claim and delivery.

The "Statement" prefacing the transcript of record appears to have been settled by Judge Henderson's order of February 1, 1957, from which no appeal is taken. It includes the following:

"At the hearing the Hartzog defendants contended that the complaint contains a cause of action for claim and delivery of personal property, and that the entire pleadings raised issues of fraud and a tort action for damages; and the attorneys for the plaintiff stated to the court that it was asking for a foreclosure of the personal property in equity, and that in no manner did plaintiff seek claim and delivery; that the plaintiff made no claim whatsoever to the immediate possession of the personal property, was not seeking such possession, but sought only to foreclose the chattel mortgage through the court along with the foreclosure of the mortgage of real estate; and that plaintiff withdrew any allegation that could be construed to mean that plaintiff was demanding possession of the personal property; and that plaintiff elected to proceed only in foreclosure of the mortgages".

We agree with Judge Henderson that the complaint, taken as a whole, sets forth a cause of action for foreclosure of the

chattel mortgage in equity, and not a cause of action in claim and delivery. The allegation in paragraph 11, that "under the terms of the said chattel mortgage the plaintiff is entitled to immediate possession" of the mortgaged chattels does not of itself require that the cause of action under that mortgage be held one in claim and delivery rather than in equitable foreclosure. Other allegations usual in claim and delivery are lacking, *e. g.,* that the chattels are wrongfully withheld by the defendants, and that the plaintiff has demanded, and has been refused, possession. Also absent is allegation of the value of the chattels, and prayer for judgment in that amount in case delivery cannot be had. The above quoted portion of paragraph 11, as well as the third paragraph of the prayer, was properly considered by the learned circuit judge as surplusage, particularly in view of the statement by plaintiffs' counsel at the hearing that foreclosure in equity, and not claim and delivery, was sought.

It is elementary that a pleading is to be liberally construed in favor of the pleader. *Broadway v. Jeffers,* 185 S. C. 523, 194 S. E. 642, 114 A. L. R. 1244. An equally well settled principle of law is that the character of the action is primarily determined by the allegations of the complaint. *First National Co. v. Strak,* 148 S. C. 410, 146 S. E. 240.

"The theory of the complaint must be determined from its leading averments and from the general scope and tenor of the pleading, as revealed by an examination of the whole complaint or petition, and the theory most apparent and clearly outlined by such consideration will be adopted rather than another possible theory which may be, to some extent, indicated by a consideration of the formal parts or of detached parts and fragmentary statements." 71 C. J. S. Pleading, § 92, pp. 230 *et seq.*

Where, as here, several remedies are available to the plaintiff, it is he, not the defendant, who may choose which of them he will pursue; and the court, in construing a complaint in such case suggestive of more than

one theory, will sustain the theory intended by the pleader, if it be supported by the allegations, and will reject as surplusage allegations not in harmony with it. *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731; *Ogilvie v. Smith,* 215 S. C. 300, 54 S. E. (2d) 860.

*Speizman v. Guill, supra,* was an action arising out of alleged breach by the defendant of the conditions of a chattel mortgage which he had given to the plaintiff, and the primary issue there was, as it is here, whether the complaint stated a cause of action for recovery of personal property or for foreclosure of a chattel mortgage. The defendant contended that, while the complaint in its first four paragraphs was appropriate to either of the two kinds of action, it set forth a cause of action for possession because in subsequent paragraphs it (1) quoted the terms of the contract conferring the power to seize and sell the chattels in the event of default; and (2) alleged demand for, and refusal of, possession. This court held:

1. The disclosure of the plaintiff's right to seize and sell without litigation was no more that a statement of a right or remedy given to him in the contract, and, in the absence of allegation that he in fact resorted to that remedy, was not inconsistent with resort to the equitable remedy of foreclosure; and it could therefore be disregarded as surplusage;

2. Allegations of demand for possession, and refusal, in connection with the other allegations of default, did not necessarily stamp the action as one in claim and delivery;

3. The verified complaint could not take the place of the affidavit required by the statutory proceeding in claim and delivery, because: (a) it lacked three of the five averments required of such affidavit, *viz.*: the cause of detention, the value of the property, and that the property had not been taken for a tax, etc., and (b) it was not used for the purpose of such affidavit, nor endorsed with a requisition to the sheriff to take the property and deliver it to the plaintiff; and

4. While the plaintiff might have brought action for possession of the mortgage chattels without claiming immedi-

ate delivery under the provisional remedy of claim and delivery the court would not without clear indication compelling such inference, assume that the plaintiff so intended; for such an action would not afford a full and complete remedy, nor be an adequate substitute for foreclosure in equity, where all questions could be determined and the property sold and its proceeds accounted for under the court's protection rather than by the plaintiff independently.

As pointed out in *Speizman v. Guill, supra,* and in *Ogilvie v. Smith, supra,* whether the action is legal or equitable is to be determined primarily from the allegations of the complaint, unaffected by the prayer for relief, but resort may also be had to the prayer if the body of the complaint does not with sufficient clearness disclose its character. In the instant case paragraph 4 of the prayer clearly indicates that equitable foreclosure of both mortgages is sought; and we agree with the circuit judge in his view that its third paragraph is surplusage, and not controlling.

Our conclusion that the action is in equity requires affirmance also of that portion of the circuit court order referring the cause and refusing appellants' motion to transfer it to calendar one. Appellants alleged, by way of defense in their answer, and as the basis for affirmative relief in their counterclaim, misrepresentations, fraud and deceit on the part of respondent arising out of the transaction upon which the note and mortgages are predicated. We have long held that in such case the issues thus raised are to be tried on the equity side of the court and do not entitle the defendant to trial by jury as a matter of right. *McLaurin v. Hodges,* 43 S. C. 187, 20 S. E. 991; *Sullivan Hardware Co. v. Washington,* 47 S. C. 187, 25 S. E. 45; *Welborn v. Cobb,* 92 S. C. 384, 75 S. E. 691; *Judson Mills v. Norris,* 166 S. C. 422, 164 S. E. 919; *Aiken Mortgage Co. v. Jones,* 197 S. C. 245, 15 S. E. (2d) 119.

Exception 7 charges that the circuit judge erred "in treating the statement of counsel for plaintiff as in the nature of

an election for the foreclosure of personal property", because: (1) it was too late for plaintiff to elect, and (2) no notice of election had been served upon the defendants.

Election of remedies is the act of choosing one of two or more inconsistent remedies allowed by law on the same state of facts. *Barfield v. J. L. Coker & Co.,* 73 S. C. 181, 53 S. E. 170; *Tzouvelekas v. Tzouvelekas,* 206 S. C. 90, 33 S. E. (2d) 73. The issue before the circuit judge did not, in reality, involve the principle of election; for neither the plaintiff nor the defendants contended that as to the chattel mortgage the complaint sought two or more inconsistent remedies. On the contrary, the defendants contended that only one remedy under the chattel mortgage had been invoked, *viz.*: claim and delivery; and the plaintiff contended that only one remedy under that mortgage had been invoked, *viz.*: foreclosure in equity. The issue was not of election, but of construction of the complaint; and the statement in Judge Henderson's order to the effect that he took the statement of plaintiff's counsel as "in the nature of an election" must be viewed as meaning that he considered it as expressing counsel's construction of the complaint, rather than as an election in the strict sense of that word.

But even if counsel's statement had amounted to an election of remedies, appellants' exception cannot be considered because the issue proposed by it was not presented to the circuit judge.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.