Rockingham,
No. 5644.

NATIONAL SHAWMUT BANK

*v.*

VICTOR L. JONES.

Argued November 7, 1967.
Decided December 29, 1967.

*Perkins, Holland & Donovan* and *William Beckett* ( *Mr. Beckett* orally ), for the plaintiff.

*William W. Treat* and *Robert G. Tetler* (*Mr. Tetler* orally), for the defendant.

GRIMES, J. Since Wever purchased for personal, family or household purposes, the Dart is classified as consumer goods. RSA 382-A:9-109. The plaintiff's security interest was perfected by filing the financing statement with the town clerk of Hampton where Wever resided (RSA 382-A:9-401 (1) (a), and continues when the collateral is sold without its consent as was the case here unless Article 9 provides otherwise. RSA 382-A:9-306 (2). In the case of buyers of goods, Article 9-307 (1) does provide otherwise in certain instances, as follows:

"A buyer in ordinary course of business (subsection (9) of Section 1-201) other than a person buying farm products from a person engaged in farming operations takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence."

Since defendant purchased in good faith without knowledge that the sale to him was in violation of the security interest of another and bought in the ordinary course from a person in the business of selling automobiles, he was a "buyer in ordinary course of business." RSA 382-A:1-201 (9). However, Article 9-307 (1) permits him to take free only of "a security interest created by his seller." The security interest of the plaintiff was not created by Hanson-Rock, Inc., the defendant's seller, but by Wentworth Motor Co., Inc. Defendant, therefore, does not take free of the plaintiff's security interest under this section. Neither does he take free of the security interest by reason of the provisions of Article 9-307 (2) relating to consumer goods even if he purchased for his own personal, family or household purposes (a fact not agreed upon) because "prior to the purchase, the secured party . . . filed a financing statement. . . . " These are the only two provisions of Article 9 under which a buyer of goods can claim to take free of a security interest where a sale, exchange or other disposition of the collateral was without the consent of the secured party. The defendant does not benefit from either one. Article 9-306 (2) gives the court no leeway to create any other exceptions to its dictates and no custom, usage or agreement has been brought to our attention which would permit us to do so. RSA 382-A:1-102 (2). See *Lincoln Bank & Trust Co.* v. *Queenan,* 344 S. W. 2d 383 (Ky. 1961).

Defendant contends that RSA 382-A:2-403 (1) provides an escape from plaintiff's security interest when it provides " . . . a person with voidable title has power to transfer a good title to a good faith purchaser for value . . . . "

The contention has two answers. Article 9-306 (2) provides for the continuance of the security interest "except when this Article otherwise provides" thereby limiting any exceptions to those contained in Article 9; and Article 2-403 (4) itself provides that the rights of "lien creditors are governed by the Articles on Secured Transactions (Article 9) . . . . " See also, Article 2-402 which provides "(3) Nothing in this Article shall be deemed to impair the rights of creditors of the seller (a) under the provisions of the Article on Secured Transactions (Article 9) . . . . " It is clear, therefore, that a security interest in the case of a sale without consent was to be impaired only as provided in Article 9 and is unaffected by Article 2-402.

Our answer to question 1 is in the affirmative and to question 2 is in the negative.

*Remanded.*

All concurred.