EXCHANGE BANK OF OSCEOLA, Plaintiff and Appellant, *v.* SPENCER JARRETT, D/B/A JARRETT CONSTRUCTION, Defendant and Respondent.

No. 14101.
Submitted Sept. 21, 1978.
Decided Jan. 10, 1979.
588 P.2d 1006.

Charles W. Jardine (argued), Miles City, for plaintiff and appellant.

Brown & Huss, George W. Huss (argued), Miles City, for defendant and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Plaintiff appeals from an order entered by the District Court, Custer County, granting defendant's motion to dismiss for failure to state a claim upon which relief could be granted. We reverse.

The material facts are not in dispute. On September 8, 1976, Daniel F. Holland purchased a Michigan tractor-scraper through the Exchange Bank of Osceola (bank), located in Kissimmee, Florida. The bank retained a security interest in the tractor to insure full payment of the $13,000.00 purchase price. The bank took the necessary steps to perfect its security interest under Florida's Commercial Code.

On February 1, 1977, Daniel F. Holland, without plaintiff's permission and in violation of the security agreement, sold the tractor-scraper to C. B. and O. Equipment Co. of Council Bluffs, Iowa. C. B. and O., an Iowa merchant dealing in farm implements, transported the tractor-scraper from Florida to Council Bluffs, Iowa. The record shows that the tractor arrived in Iowa on February 7, 1977.

On February 21, 1977, defendant, a Montana contractor, purchased the tractor-scraper from C. B. and O. for a good and valuable consideration. Defendant took possession of the tractor-scraper on or about February 21, 1977 and returned to Montana. The record indicates the tractor-scraper arrived in Miles City, Montana on March 9, 1977.

On April 4, 1977 (within four months from the date the tractor arrived in Iowa) the bank filed a financing statement in Iowa, pursuant to Iowa Code § 554.9401. Thereafter, plaintiff filed the same financing statement with the Montana Secretary of State.

When Daniel F. Holland defaulted on his obligation to the bank, the bank instituted this action in the District Court, Custer County, to foreclose its security interest.

On November 4, 1977, the District Court entered the following order, dismissing plaintiff's complaint:

". . .

"The defendant's motion to dismiss is based upon the following factual premise: An Iowa dealer sold certain equipment to the defendant, a Montana resident. The equipment was supplied to the Iowa dealer by a Florida company, who had given plaintiff a security interest, which was filed in Florida. The security interest agreement of plaintiff was filed in Iowa after the Iowa dealer had sold and delivered the equipment to the Montana purchaser.

"The Court agrees with defendant's contention that Sections 87-A-9-307(1) [87A-9-307(1)], 87A-1-201(9) [87A-1-201(9)] and 87A-2-403(2) control and gives the purchaser title free of the security agreement filed in Iowa.

"It Is Ordered that defendant's motion to dismiss be granted.

". . ."

Judgment finalizing the dismissal was signed on November 29, 1977. This appeal followed.

■ The sole issue for our determination is whether Spencer Jarrett purchased the tractor-scraper "free of" or "subject to" the bank's security interest.

It is agreed that the bank perfected its security interest in the tractor-scraper by filing the financing statement required by Fla. Stat. § 679.302. The Uniform Commercial Code contemplates the continued perfection of a security interest if there has been no intervening period when it was unperfected. Fla.Stat. § 679.303. A perfected security interest is generally not destroyed by the sale, exchange or other disposition of the collateral:

"(2) Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor." Fla.Stat. § 679.306(2).

Since Daniel Holland sold the tractor without plaintiffs permission and in violation of the security agreement, it is clear that C. B. and O. purchased the tractor-scraper "subject to" the bank's security interest.

When C. B. and O. transported the tractor from Florida to Iowa, the continued existence of the bank's security interest was contingent on the provisions of Iowa's Commercial Code. Iowa Code § 554.9103, provides:

"d. When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but if action is required by Part 3 of this Article to perfect the security interest,

"i. if the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four months after the collateral is brought into this state, whichever period first expires, the security interest becomes unperfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal;

"ii. *if the action is taken before the expiration of the period specified in subparagraph (i), the security interest continues perfected thereafter;*" (Emphasis supplied.)

The courts uniformly hold that section 554.9103 gives a secured party a four-month grace period during which his security interest is protected without any further action on his part. For example, the New Jersey Court in *First National Bank of Bay Shore v. Stamper* (1966), 93 N.J. 150, 225 A.2d 162, 169, held:

"The four month period under the Uniform Commercial Code is different from the ten-day grace allowed under the former Conditional Sales Law for the original filing of a conditional sales contract. The four-month period provided in subsection 3, above, is an absolute period of protection of the vendor's security interest, designed to give him adequate time to make an investigation and locate the property. If the vendor fails to file within the four-month period, the protection of his security interest ceases upon the expi-

ration thereof, and his unperfected security interest is thereafter subject to be defeated in the same way in which any unperfected security interest may be defeated under the code. A subsequent purchaser for value, without notice of the unprotected security interest, would take a superior title. . . . But, a prior purchaser who purchased during the four-month period of statutory protection is not retroactively given a superior title."

Applying the provisions of Iowa Code § 554.9103 to our fact pattern, it is obvious that the bank's security interest was viable at the time defendant purchased the tractor-scraper from C. B. and O. Equipment Company. The bank fully complied with section 554.9103 by filing its financing statement in Iowa on April 4, 1977, well within the four-month period. Therefore, plaintiff's security interest continued unless Article 9 provides otherwise.

Defendant contends that Iowa Code § 554.9307 allowed him to purchase the tractor-scraper "free of" plaintiffs security interest. Section 554.9307 provides:

*"Protection of buyers of goods.* 1. A buyer in ordinary course of business (subsection 9 of section 554.1201) other than a person buying farm products from a person engaged in farming operations takes free of a security interest *created by his seller* even though the security interest is perfected and even though the buyer knows of its existence." (Emphasis supplied.)

In the present case, defendant Jarrett purchased in good faith and without knowledge that the sale to him was in violation of the bank's security interest. Defendant also purchased the tractor in the ordinary course from a person in the business of selling tractors, therefore, he was a "buyer in the ordinary course of business". Iowa Code § 554.1201(9).

However, section 554.9307 contains the further limitation that the security interest must be "created by his [defendant's] seller". This Court has never interpreted the "created by his seller" limitation. However, the landmark case in this area is *National Shawmut Bank of Boston v. Jones* (1967), 108 N.H. 386, 236 A.2d 484.

*Shawmut* was a replevin action instituted to recover possession

of a 1964 Dodge station wagon. The station wagon was originally purchased by a man named Robert Wever. To obtain the car, Wever had secured a loan from the plaintiff bank and had executed a security agreement using the car as collateral. Sometime thereafter, Wever traded or sold the wagon to a reputable dealer engaged in the business of selling new and used cars to the public. The dealer then sold the car to defendant. Neither the dealer nor the defendant knew of plaintiff's security interest.

While the defendant in *Shawmut* was obviously a "buyer in the ordinary course", the Court nonetheless allowed the bank to recover the automobile from him. The *Shawmut* Court held:

". . . defendant purchased in good faith without knowledge that the sale was in violation of the security interest of another and bought in the ordinary course from a person in the business of selling automobiles, he was a 'buyer in the ordinary course of business' . . . However, s. 307(1) permits him to take free only of 'a security interest created by his seller'. The security interest of the plaintiff was not created by . . . the defendants seller, but by Wentworth Motor Co., Inc. *Defendant, therefore, does not take free of the plaintiffs security interest under this section. Shawmut,* supra, 236 A.2d 486 at 485-486. (Emphasis added.)

As in *Shawmut*, defendant's seller *did not* create plaintiff's security interest, therefore, defendant does not take the tractor "free of" plaintiff's security interest under Iowa Code § 554.9307.

▇ As an alternate theory, defendant claims Iowa Code § 554. 2403 allows him to take the tractor-scraper "free of" plaintiffs security interest. Section 554.2403 provides:

"Any entrusting of possession of goods to a merchant who deals in goods of that kind *gives him power to transfer all rights of the entruster* to a buyer in ordinary course." (Emphasis added.)

The emphasized language of section 554.2403 disposes of defendant's alternative claim. The "entruster" in this case would be Daniel Holland, however, his title was encumbered by plaintiffs security interest. Therefore, C. B. and O. could transfer all rights of

Daniel Holland, but such transfer would still be "subject to" the bank's security interest.

This Court recognizes that this is a harsh result, since the purchaser, on the date of purchase in Iowa, had no means to learn in Iowa that the property he purchased was subject to a security interest. It may be that legislative action is necessary to prevent such results in the future. Since we are bound by the enacted laws, and must give full faith and credit to the laws of our sister states, no other course .is open to us here.

For the foregoing reasons, this cause is reversed and remanded to the District Court for further proceedings consistent with this decision.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.