The **LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, a national banking corporation,** Plaintiff/Appellee,

v.

**Pauline J. GARCIA, Defendant,**

and

**Rick Gore, Defendant/Appellant.**

No. 59964.

Court of Appeals of Oklahoma, Division No. 3.

June 12, 1984.

Released by Order of Court of Appeals Aug. 10, 1984.

Stephen L. Bruce, Oklahoma City, for appellee.

Steven M. Ditto, Oklahoma City, for appellant.

HUNTER, Judge:

This case concerns a conflict regarding perfection of a security interest in a motor vehicle under 47 O.S.1981, § 23.2b. The issue presented for review is whether a bank which has performed its statutory duty under section 23.2b so as to perfect its security interest in an automobile but whose security interest in said vehicle is subsequently left off a new certificate of title prevails over a subsequent bona fide purchaser for value of the vehicle. We hold that the bank prevails.

The Liberty National Bank and Trust Company of Oklahoma City, Oklahoma (Bank), the security party, commenced this action against appellant here, Rick Gore, and Pauline J. Garcia, seeking replevin of a certain 1981 CJ–7 Jeep automobile. The facts are not in conflict and are as follows: Pauline Garcia executed and delivered to the bank, appellee herein, a retail sales contract and security agreement to secure the repayment of a loan in the amount of $8,102.08. The security agreement granted Bank a security interest in the Jeep. The vehicle certificate of title was assigned to Pauline Garcia by Midwest-AMC Jeep. Bank prepared a lien entry form and presented it, together with the previously issued certificate of title to Casey Jones Tag Agency, an Oklahoma Tax Commission motor license agent. Bank's lien was noted on the previously issued certificate of title and the lien entry form was executed by the agent, showing the filing date of August 20, 1981. Bank then returned the previously issued certificate of title to Pauline Garcia together with notice that she

was required to register and pay all additional fees and taxes.

Thereafter, Pauline Garcia presented the previously issued title to the Cynthia Griffin Tag Agency, another Oklahoma Tax Commission motor license agent, with payment of the excise tax. Due to an apparent error on the part of that agency, the lien in favor of Bank was not indicated on the face of the new certificate of title. Furthermore, the new certificate of title was issued in the names of Pauline S. or Tony Garcia.

Subsequently, on or about October 22, 1982 Tony Garcia transferred the vehicle and assigned the certificate of title to Hudiburg Chevrolet Company. Thereafter, the certificate of title was reassigned to Rick Gore, appellant herein, who obtained a new certificate of title to the vehicle on or about November 29, 1982. The Bank's lien was not noted on the face of any of the certificates of title except the previously issued certificate of title presented to the Cynthia Griffin Tag Agency.

Pauline Garcia defaulted in payment of the retail installment contract she had made with the Bank and Bank brought this action to replevin the motor vehicle and to foreclose its security interest. On February 28, 1983 the trial court entered summary judgment in favor of the Bank. From that judgment, this appeal is taken and two propositions are presented for our consideration.

Appellant first contends that he is a bona fide purchaser for value without notice of Bank's security interest and therefore takes free and clear thereof. Appellant relies on the case of *In re Hembree*, 635 P.2d 601 (Okl.1981) and quotes one sentence from that case as follows:

The policy underlying the perfection and recordation of security interests is to provide notice to interested parties.

The argument in *Hembree* was premised on the reliance on section 9–301(3) of the Uniform Commercial Code which subordinates the rights of the holder of an unperfected security interest in a motor vehicle to the rights of the trustee in bankruptcy.

12A O.S.1981 § 9–301(3). The only defect alleged by the trustee was failure of the secured party to sign the lien entry form and it was conceded that the secured party was in full compliance with all other requirements and the form was properly filed. The Supreme Court held that the omission of the secured party's signature from the space provided for it on the lien entry form was a minor defect which would not thwart the secured party's perfection of its security interest. 635 P.2d at 601.

■ Appellant also relies on *McMillin v. First National Bank & Trust Company of Ponca City*, 407 F.Supp. 799 (W.D.Okl. 1975); *National Trailer Convoy Company v. Mt. Vernon National Bank & Trust Company of Fairfax County*, 420 P.2d 889 (Okl.1966); and *Mitchell v. Shepherd Mall State Bank*, 458 F.2d 700 (C.A. 10, 1972), as support for his statement that "a secured party, in order to perfect its security interest in collateral, must provide for public record enough information to alert an interested party that there may be a prior security interest in that collateral." Although this statement of the law is correct, it is of no assistance to Appellant.

■ Appellant asks this court to interpret the pertinent Oklahoma statutes to require the creditor to obtain the issuance of a properly notated certificate of title in all cases before their security interest becomes perfected. This would be contrary to the clear wording of the statute and the obvious intent of the legislature. The provision of the statute which deals with perfection provides:

Except for a security interest in vehicles held by a dealer for sale or lease, ... a security interest ... in a vehicle ... shall be perfected only when a lien entry form ... and the existing certificate of title, if any, or application for a certificate of title and manufacturer's certificate of origin containing the name and address of the secured party and the date of the security agreement and the required fee *are delivered* to the Oklaho-

ma Tax Commission or one of its motor license agents. 47 O.S.1981 § 23.2b(A)(1) Delivery of these documents is the only statutory requirement dealing with perfection. Thus, perfection of a security interest in a vehicle is accomplished by the creditor when the required forms and fee, as was done in the instant case, are placed in the possession of the Oklahoma Tax Commission or one of its motor license agents. 47 O.S.1981 § 23.2(A)(2).

In the case of *In re Cook*, 637 P.2d 588 (Okl.1981), the Oklahoma Supreme Court, although noting that "the Oklahoma Certificate of Title Statute specifically exempts security interests in motor vehicle from the filing provisions of the Code" and that the clear provisions of the Title Statutes control where the Code and the Title Statutes are inconsistent, *id* at 590, held that

the case law under the Code as to substantial compliance and the perfection of a security interest is to be used to interpret the perfection of a security agreement under the lien entry form statute.

*Id* at 591. *See also* 12A O.S.1981 § 9–302(3).

The Oklahoma Legislature has adopted the "race diligence" approach in both the Uniform Commercial Code and the Certificates of Title provisions of Title 47. *See* 12A O.S.1981 § 9–312(4), (5) & (6).

The code provides that a secured party becomes perfected despite an improper filing or indexing so long as his or her conduct did not cause the error by the filing officer. 12A O.S.1981 § 9–407; *see In re: Fowler*, 407 F.Supp. 799, 803 (W.D.Okl. 1975). *See also Mutual Bd. & Packaging Corp. v. Oneida National Bank & Trust Company*, 342 F.2d 294, 297 (2nd Cir.1965), in which the court stated:

If one balances interests between a creditor who does his best to file and is prevented by the clerk from doing so, and another who does his best to search and is prevented by the clerk from finding what he is looking for, the loss may well be held to fall on the second creditor rather than the first because of the first creditor's priority of effort.

Additionally, although not argued by the parties, there is another reason why the Bank should prevail. While the legislature intended, in enacting the new certificate of title statute, to provide notice of any security interest in a vehicle to a subsequent purchaser by entry of the security interest on the vehicle's certificate of title, the legislature also enacted other measures in the title statute to ensure that a subsequent purchaser would be aware of any security interest in a vehicle. Section 23.2b(C) provides:

The Commission shall file and index the title so that at all times it will be possible to trace the title to the vehicle designated therein, identify the lien entry form, and the names and addresses of secured parties, or their assignees, so that all or any part of such information may be made readily available to those who make legitimate inquiry of the Commission as to the existence or nonexistence of security interest in the vehicle.

Thus, Appellant, or his seller in the instant case, could have discovered the Bank's lien merely by checking the records of the Oklahoma Tax Commission.

■ We hold that under Oklahoma law when the Oklahoma Tax Commission or its agent fails either by way of negligence or for other reasons to note a security interest on the certificate of title, but the security interest was properly perfected by delivery of the required items to the Commission or its agent, the perfected status of the security interest continues against the debtor's transferees who have no actual or constructive notice.

■ Appellant's second proposition, that he was a buyer in the ordinary course of business and therefore takes free of Bank's security interest under 12A O.S.1981 § 9–307(1), is totally without merit. Although Appellant was a buyer in the ordinary course of business and would take free of a security interest created by his seller even though the security interest is perfected and even though the buyer knew of its existence, the security interest in this case

was not created by his seller which is a clear requirement of section § 9–307(1) upon which Appellant relies. *See National Shawmut Bank of Boston v. Jones*, 108 N.H. 386, 236 A.2d 484 (1967).

For the reasons stated above the summary judgment rendered in favor of Appellee and against Appellant is AFFIRMED.

AFFIRMED.

HOWARD, P.J., and WILSON, J., concur.