This is an appeal from the granting of a motion for summary judgment in favor of the defendant, Dr. Thomas A. Barnes.
Dr. David Yokley, a dentist, purchased certain dental equipment and gave First State Bank of Altoona (First State) a security interest in the equipment. First State perfected its security interest in the equipment by filing UCC-1 forms with the Secretary of State. Yokley sold this equipment to Lowery Dental Company (Lowery) in Birmingham without First State's consent.
Barnes, who is also a dentist, purchased some dental equipment from Lowery. After Yokley filed for bankruptcy, First State obtained leave from the bankruptcy court to proceed to enforce whatever security interest it had in the equipment. This suit followed.
First State filed a motion for summary judgment, with two supporting affidavits. The two affidavits were those of Yokley and John Richard Ray, First State's president. Barnes also moved for summary judgment and filed his supporting affidavit and memorandum of law.
A hearing of these motions was held on January 16, 1986. On January 28, 1986 the trial court issued its order denying First State's motion for summary judgment and granting Barnes's motion for summary judgment. First State appeals. *Page 54 
Initially, we note that the trial court was correct in denying First State's motion for summary judgment. To properly grant summary judgment, there must be no genuine issue of material fact and the moving party must be entitled to a judgment as a matter of law. Houston v. McClure, 425 So.2d 1114
(Ala. 1983).
In this case, there exists a genuine issue of material fact. In his affidavit, Yokley claims that he paid the proceeds from the sale of the equipment to Lowery to First State. In its affidavit, however, First State claims that it received no such proceeds.
The fact that First State did or did not receive the proceeds from the sale to Lowery is important to the disposition of this case. Section 7-9-306 (2), Code 1975, provides that "a security interest continues in collateral notwithstanding sale . . . thereof unless the disposition was authorized by the secured party . . . and also continues in any identifiable proceeds." In the official comments to this code section, it is stated that in most cases the security interest continues even though the collateral is now in the hands of a purchaser or other transferee. It is further stated that, "The secured party may claim both proceeds and collateral, but may of course have only one satisfaction."
Since Yokley made an unauthorized disposition of the dental equipment, First State's security interest continued in the equipment. Lowery, therefore, took the equipment subject to the security interest and First State was entitled to repossess the collateral. Get It Kwik v. First Alabama Bank, 361 So.2d 568
(Ala.Civ.App. 1978).
Barnes argues that even though section 7-9-306 (2) provides that a security interest continues in the collateral following an unauthorized disposition by the debtor, that he falls under section 7-9-307 (1), Code 1975, an exception to this provision.See, General Electric Credit Corp. v. Humble, 532 F. Supp. 703
(M.D. Ala. 1982). Section 7-9-307 (1) provides, "A buyer in ordinary course of business . . . takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence." The trial court agreed with Barnes and granted summary judgment in his favor on this ground.
On appeal, First State contends that the trial court incorrectly applied section 7-9-307 (1) to this case. It is First State's contention that this provision does not apply because Lowery, who sold the equipment to Barnes, did not create the security interest.
The leading case dealing with the proper application of section 9-307 (1) of the Uniform Commercial Code (U.C.C.) is NationalShawmut Bank v. Jones, 108 N.H. 386, 236 A.2d 484 (1967). In that case, Wever purchased an automobile from Wentworth Motor Company. Wentworth assigned the retail installment contract executed by Wever to National Shawmut Bank, which perfected the security interest. Thereafter, Wever, without the consent of National Shawmut, traded or sold the automobile to Hanson-Rock, Inc., an automobile dealer. Jones, a buyer in the ordinary course of business, purchased the automobile from Hanson-Rock. National Shawmut brought an action to recover possession of the automobile because an unpaid balance remained due on the installment contract. The question before the court was whether Jones took free of the perfected security interest. The court held that section 9-307 (1) of the U.C.C. did not apply because the security interest was not created by Hanson-Rock, Jones's seller.
In the case at bar, the trial court cited First Dallas CountyBank v. General Motors Acceptance Corp., 425 So.2d 464 (Ala. 1983); Whitworth v. Dodd, 435 So.2d 1305 (Ala.Civ.App. 1983); and General Electric Credit Corp. v. Humble, supra, in its order to support its findings. After reading these cases, we note that section 9-307 (1) was applicable because the immediate seller had created the security interest.
Therefore, the trial court erred in applying section 7-9-307 (1) to the facts in this case. The summary judgment for the *Page 55 
defendant is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P.J., recuses himself.