2291

Franklin PINCKNEY, Respondent v. Ruth P. ATKINS, Appellant.

(454 S.E. (2d) 339)

Court of Appeals

---

*Dale E. Slambrook,* of *Steinberg, Spitz, Goldberg, Pearlman, Holmes, White & O'Neill,* Goose Creek, *for appellant.*

*John B. Williams,* Moncks Corner, *for respondent.*

Submitted Dec. 6, 1994.

Decided Jan 23, 1995.

*Per Curiam:*

The pleadings denominate this action as one to remove a cloud from title.[1] Ruth P. Atkins appeals the master's order granting partition, claiming that not all necessary parties were named as defendants and properly served with process, and that the master failed to value the property and the improvements to the property. We reverse and remand.

---

[1] Although the pleadings are couched in terms of an action to remove a cloud from title, they go further to state "[t]hat the equitable resolution of this matter would be to convey the interest of the defendants in the one acre ... to the plaintiff, and plaintiff's interest in the remaining nine acres be conveyed to the defendants." Nowhere is the word partition used in the complaint.

This action concerns nine acres of real estate located in Berkeley County, South Carolina, originally owned by Lizzie Pinckney. Respondent, Franklin Pinckney, a grandchild of Lizzie Pinckney, instituted this action against his sister, Ruth P. Atkins, and several other heirs. Lizzie Pinckney, who was predeceased by her husband John Pinckney, died intestate in 1958, leaving as her sole heirs at law her children Robert Pinckney, Mary Pinckney Polite, Estelle Pinckney Jenkins, Cyrus Pinckney, and Thelma Pinckney. Cyrus Pinckney died intestate in 1960, leaving his ten children, including Franklin and Ruth, as his heirs.

The subject nine acres include a one-acre tract upon which two homes are located. One of the homes (the first home) was constructed with the assistance of Franklin in 1964 with proceeds from a mortgage given by Lizzie Pinckney. The record is unclear as to what part Franklin played in constructing the house or making the mortgage payments on this home.[2] Ruth has lived in this home for the last 15 years and it is uncontradicted that she spent in excess of $20,000 on improvements to the home. In 1978 Franklin, using his own funds, erected another home (the second home) on the same one-acre tract. Through various transfers, Franklin has acquired the interests of Robert Pinckney, Estelle Pinckney Jenkins, Mary Pinckney Polite, and Thelma Pinckney (the children of Lizzie Pinckney) or their heirs in the one-acre tract of land. The master found that pursuant to the above-mentioned transfers, Franklin acquired at 80% interest in the one-acre tract. At the time of trial, the named defendants, including Ruth, each owned an interest equal to approximately 2% (or in some cases 1%) of the one-acre tract.

After hearing arguments from the parties, the master ordered a partition in kind, granting Franklin a 100% interest in the one-acre tract. The master also divested Franklin of any interest in the remaining eight acres of land and conveyed the same to the remaining heirs, including Ruth.[3] The trial

---

[2] The Master found that the mortgage was given by Franklin. However, Franklin testified he was too young to secure a loan and that the payments were made in his mother's name. Ruth testified that her mother paid the mortgage payments on the house.

[3] At the trial, Franklin owned a total interest equal to 82.2% in the one-acre tract, that is, the 80% interest he acquired through various transfers of interest plus the 2.2% interest he inherited from his father.

court made no provision for the partition or sale of the remaining eight-acre tract. As a result, Franklin received title to the one-acre tract and all of the other heirs, some fifteen or more in number, were left with eight acres of land that has effectively not been partitioned in any way.

## I.

We initially note that it is doubtful the trial court ever acquired jurisdiction over eight of the nine acres jointly owned by the parties and particularly lacked authority to order a partial partition by allotment as to the one-acre tract only. Our review of the pleadings reveals the Lis Pendens and complaint state that only the one-acre tract of land in the "subject of this action." Additionally, even though the trial court treated the action as one in partition, the complaint does not contain any of the typical allegations of a partition suit. Furthermore, the Lis Pendens and Complaint describe only the one-acre tract which Franklin seeks sole title to; it contains no description of the other eight acres of property which should necessarily be partitioned along with the one-acre tract.[4] While we are not too concerned with the master treating the action as one in partition as pertains to the interests of those defendants in default and unknown defendants who appeared at the master's hearing, we are concerned about this treatment as it pertains to the defendants who were not on notice that the pleadings would be so treated. In cases where judgment is rendered against parties by default, a trial judge may not grant relief beyond that which is demanded in the pleadings. *River Road Co. v. Energy Master Products, Inc.*, 300 S.C. 316, 387 S.E. (2d) 694 (Ct. App. 1989); *see* SCRCP Rule 54(c); *see also* SCRCP 71(d)(2) (where several tracts or parcels of land . . . are owned by the same persons as tenants in common, no separate action shall be brought for partition of a part thereof without the consent of all the co-tenants).

---

[4] In South Carolina, a partition action is analogous to a proceeding *in rem.* 59A Am. Jur. (2d) *Partition* § 100 (1987).

## II.

The master also erred in failing to require Franklin to name and serve all necessary parties as defendants in the action.[5] Testimony developed at trial indicated that at least four of Franklin's nieces and nephews, who are heirs of Cyrus Pinckney, were not named as party defendants. The testimony also revealed that two of these heirs lived in Berkeley County. The failure to name these parties violates SCRCP Rules 17(f) and 71(d)(1). Rules 71(d)(1) and 17(f) provide that in all actions for partition, all heirs at law or devisees of the deceased person *shall* be parties, but if the consent of anyone who should be joined cannot be obtained, he may be made a defendant. (Emphasis added.) In addition, Rule 71(d)(1) specifically provides that actions for partition are subject to "the requirements of these rules for the joinder in an action of all parties in interest." Although Franklin properly designated as party defendants the unknown heirs of Cyrus Pinckney pursuant to SCRCP Rule 17(e), he failed to follow the requirements set forth in S.C. Code Ann. §15-67-40 (Service by Publication) in serving these unknown defendants. S.C. Code Ann. § 15-67-40 provides, in pertinent part, that service of the summons may be had upon all unknown defendants by publication. Franklin has failed to serve any of the unknown heirs of Cyrus Pinckney by publication.

We also agree with Atkins that the master erred in failing to require that unknown heirs be represented by a guardian ad litem. SCRCP Rule 17(c) requires the trial court to appoint a guardian ad litem for minors and incompetent persons. While the record does not identify any specific defendant who was actually a minor or incompetent, Franklin did not represent to the court that no such person existed. Instead, he chose to name unknowns as defendants. It is certainly possible that such unknowns may be minors or incompetents. Thus, a guardian ad litem should have been appointed pursuant to SCRCP Rule 55(b)(1).

---

[5] At the Master's hearing, Franklin's attorney represented to the court that he would notify those heirs identified at trial but not made parties "regarding this action." Atkins argues that because that was not done these persons have no notice of the proceeding.

Finally, we note that the master failed to value the properties and the improvements. Without some value being assigned to the properties and the improvements thereon, we are unable to determine whether Franklin received more than his proportionate share of the joint property. Partition actions are equitable in nature and, as such, we may find facts in accordance with our own view of the evidence. *Anderson v. Anderson,* 299 S.C. 110, 382 S.E. (2d) 897 (1989). Generally, the court favors partition in kind when it can be fairly made without manifest injury to all co-tenants. *Few v. Few,* 242 S.C. 433,131 S.E. (2d) 248 (1963); *Bennett v. Floyd,* 237 S.C. 64, 115 S.E. (2d) 659 (1960). In like manner, a court of equity may allocate a portion of the property under partition to one or more heirs while disposing of the remainder by sale. *Id.* Nevertheless, the division must be fair to all of the co-tenants. *See Pruitt v. Pruitt,* 298 S.C. 411, 380 S.E. (2d) 862 (Ct. App. 1989) (partition being equitable must be fair and equitable to all parties to the action). Without some valuation of the property and the improvements thereon, we do not feel comfortable sustaining the master's award of title to the one-acre tract to Franklin. Moreover, we are extremely concerned that the remaining eight acres have not been partitioned, and there is no indication that the remaining heirs have consented to receiving their interests in an undivided fashion.

For the foregoing reasons, the master's order granting partition is reversed and the case remanded for the addition of all necessary parties, proper service of process on all parties, appointment of a guardian ad litem for any unknowns who may be under a disability, valuation of the property and improvements, and the entry of an appropriate judgment. In the interest of judicial economy, Franklin is given leave to amend his pleadings to more fully allege an action in partition.

Reversed and remanded.

SHAW, CURETON, and GOOLSBY, JJ., concur.