2402

Edna WILSON, Dorothy Berlin, Helen Maw, Calvin James, Becky James, Tina James, Robert James and Tim James, Respondents v. Ruth McGUIRE, Harold James, Individually and as Personal Representative of Clyde James and Marion James, Appellants.

(463 S.E. (2d) 614)

Court of Appeals

---

*Felix L. Finley, Jr.* and *George F. Townes, The Finley Law Firm,* Pickens; and *Hal J. Warlick,* Easley, *for appellants.*

*David B. Greene* and *Stuart G. Anderson, Jr.,* Greenville, *for respondents.*

Heard Sept, 12, 1995.

Filed Oct. 30, 1995.

CURETON, Judge:

Respondents, heirs of Raymond James (the decedent), brought this action against three other heirs, the appellants, alleging property devised to them by the decedent was incapable of in-kind partition, and requested an order for the sale of the property. The trial judge ordered the property sold. We reverse and remand.

The decedent owned a 137-acre tract of land in Pickens County, South Carolina. Before his death, he deeded two one-acre tracts to his sons, appellants, Clyde James and Marion James. These appellants built homes on their respective tracts prior to the death of their father. He willed his remaining 135 acres to his wife for her life, with the remainder to his eight children to share equally. As a result, the decedent's surviving children, appellants, Clyde James, Marion James and Ruth McGuire, and respondents, Edna Wilson, Dorothy Berlin, Helen Maw and Calvin James each own an undivided $\frac{1}{8}$ interest in the 135-acre tract.[1] Another son, Harvey James, predeceased the decedent, and thus, his children, respondents, Becky James, Tina James, Robert James, and Tim James, collectively own a $\frac{1}{8}$ interest in the property.

The trial judge ordered the Clerk of Court for Pickens County to issue a writ of partition to five commissioners pursuant to Rule 71(f), SCRCP, requiring them "to determine if this property is capable of being partitioned in-kind or if, after considering all relevant facts and circumstances, a sale of the property is necessary." Three of the commissioners submitted a "majority report" in which they found the land could be equitably divided in-kind and presented a survey of a proposed division into eleven parcels.[2] However, the other two commissioners concluded in a "minority report" that the property should be sold as one tract and the proceeds

---

[1] Appellants alleged that as a result of the exchange of deeds among themselves, Ruth McGuire owned a $\frac{3}{8}$ interest in 11.988 acres; Clyde James owned a $\frac{3}{8}$ interest in 13 acres contiguous to his one-acre lot; and Marion James a $\frac{3}{8}$ interest in a 13-acre tract adjoining his one-acre lot.

[2] After commencement of this action and before the appellants answered the partition complaint, they had a survey made setting off to themselves their acreages in the precise locations and in the precise amounts as later found by the majority commissioners. We are offended that the appellants in effect preselected their properties. However, equity would demand Clyde and Marion be allotted their interests adjacent to their one-acre tracts unless to do so would be injurious to the other co-tenants. As to Ruth McGuire, she is entitled to no special consideration as to the location of her interest in the property. Nevertheless, we do not see how the other heirs have been prejudiced by the allocations of a preselected tract to her in the absence of evidence the tract is more valuable than other tracts. *See Young v. Edwards*, 33 S.C. 404, 11 S.E. 1066 (1890) (where one co-tenant conveys her undivided interest to a certain portion of the land by metes and bounds, the court will upon partition, as far as is consistent with the rights of the other tenants, set apart to the grantee the portion embraced in the deed by metes and bounds).

divided.[3] The trial judge ordered the property sold, first in separate parcels as proposed by the majority, then as an entire tract. The bid or bids bringing the highest aggregate price for the property would then be accepted.

Appellants contend the trial judge erred when he failed to confirm the majority report of the commission, and found the property could not be equitably divided in-kind. Appellants also contend the trial judge did not have the authority to order the payment of the proceeds of the sale to him personally for disbursement.

The 135-acre tract is bisected by two roads, Pine Thicket Road and Winding Creek Road. The appellants' Clyde and Marion James' homes are located on Pine Thicket Road. A community water line is located along that road. All parties agree the decedent's home place located on Winding Creek Road, along with four acres is worth approximately $45,000 and should be sold separately to produce a fund to pay expenses and other related costs. The majority report divides the remaining acreage into ten tracts. The largest tract contains 27.87 acres to account for the power line and the flood plain which cross the tract. This tract was awarded to respondent Helen Maw. The smallest tract contains 3.03 acres and was awarded to respondent Edna Wilson who also received a 12.21-acre tract adjacent to Clyde James' 13.0-acre tract. The four heirs of Harvey James jointly received 13.33 acres consisting of an 8.67-acre parcel and a 4.66-acre parcel situated on both sides of Winding Creek Road. This acreage has the power line running through a portion of one of the parcels, but also has more road frontage than any of the other parcels. Appellant Ruth McGuire received the least total acreage of 11.99 acres. Harold James received 13.0 acres.

A partition action is an equitable action, heard by a judge alone and, as such, this court may find facts in accordance with our own view of the preponderance of

---

[3] While the trial judge accepted the appraisal report of one of the minority commissioners, who is an MAI appraiser, as the minority report, it is an unusual minority report in that it does not directly address or criticize the majority report. In fact, the appraisal was sent to the respondents' attorney approximately one month prior to the date of the majority report and the cover letter states the commissioner-appraiser had "made an appraisal/valuation analysis in accordance with [counsel's] request on behalf of [the respondents]."

the evidence. *Anderson v. Anderson,* 299 S.C. 110, 382 S.E. (2d) 897 (1989). The Supreme Court recognized in *Anderson* that even though in-kind partitions are appropriate only where they may be made fairly and impartially without injury to any of the parties, there remains a statutory preference for in-kind partitions. Hence, the party seeking a partition by sale carries the burden of showing partition in-kind is neither practicable nor expedient. *Id.;* accord, *Smith v. Pearson,* 210 S.C. 524, 43 S.E. (2d) 479 (1947).

The trial judge, without examining the commissioners or taking additional evidence, rejected the majority report and held a partition in-kind was not feasible because it could not be done fairly. He criticized the majority report for the following reasons: (1) the three parcels designated for appellants had road frontage whereas other tracts did not; (2) the three parcels allocated to appellants were closer to available water and sewer service than other parcels; (3) respondent, Edna Wilson, was allotted two parcels on opposite ends of the 135-acre tract; (4) the two parcels allocated to Harvey James' heirs were oddly shaped; and (5) there was no notation of any flood plain or any consideration given to how it would affect the value of the property.

Pursuant to appellants' motion to reconsider, the trial judge conceded all the proposed parcels have road frontage. We observe the majority report not only mentions the flood plain but substantially increases the acreage to be received by the respondents, Helen Maw and Dorothy Berlin, because of the effect the flood plain will have on those tracts.[4] Additionally, the majority has attached to their proposed division survey a topographical survey showing the creek and contour lines on the tract. While appellants Marion and Clyde James would under the majority report receive their parcels on Pine Thicket Road, which has a community water line, two of the respondents would also receive parcels on that road. Additionally, appellant McGuire's tract is located at the end of the 135-acre tract on Winding Creek Road and is no more accessible to water than the other respondents whose parcels also face

---

[4] Helen Maw was allotted 27.87 acres while Dorothy Berlin was allocated 19.01 acres. We observe that appellant Marion James' parcel is affected by the flood plain. Nevertheless, his acreage has not been adjusted because of this terrain feature.

Winding Creek Road. Finally, as indicated in the minority's report, sewer is not available to any portion of the 135-acre tract and "sewer service . . . is provided by individual septic tanks."

As for the trial judge's remaining criticisms, these features affect the value of the allocated parcels, not the feasibility of dividing the tract in-kind. Except for the fact the trial court does not like the configuration of the tracts allocated to Harvey James' heirs and Edna Wilson, nowhere in the record is there competent evidence that these tracts are less valuable than the tracts allocated to the other heirs. Neither the minority report nor the trial court's order compares values of the various parcels as proposed in the majority report. Without such a comparison, we are unable to determine that the proposed partition in-kind is inequitable. Moreover, even if the trial court had a reasonable basis to believe the appellants' parcels were more valuable than other parcels, the more appropriate course would have been to recommit the matter to the commissioners to adjust the acreage to be received by the appellants or to have the appellants account for the difference in value by a cash payment and/or deduction from their share of the home place sale proceeds.

There is a cardinal principle of law that a trial court should not reject the return of a majority of the commissioners unless the division is clearly shown to be erroneous, unfair, unjust and inequitable. *Parrott v. Barrett*, 81 S.C. 255, 260, 62 S.E. 241 (1908) (in order to overthrow the valuation made by the commissioners in partition, it must be shown that it is so grossly incorrect and unequal as to justify an inference that the commissioners acted from an unfair and improper motive); *Aldrich v. Aldrich*, 75 S.C. 369, 55 S.E. 887 (1906) (the return of commissioners in the division of land on writ of partition will be supported by the court unless clearly shown to be erroneous and unjust); *Feamster v. Feamster*, 123 W. Va. 353, 15 S.E. (2d) 159 (1941) (every reasonable presumption is in favor of the fairness of a report of partition made by commissioners, if proper on its face; claim of inequality of division should do more than charge the inequality in general and indefinite terms). Here, there has been no showing that the 135-acre tract cannot be partitioned in-kind without manifest injury to any of the co-tenants, *Pickney v. Atkins*, 317 S.C.

340, 454 S.E. (2d) 339 (Ct. App. 1995), nor has it been shown that appellants have been allocated parcels more valuable than the other heirs'.

In summary, because the record does not point to competent evidence showing the property cannot be divided in-kind or that the parcels proposed by the majority report are of unequal value, we conclude the trial judge abused his discretion in rejecting the report of the majority of the commissioners. We therefore reverse the order of the trial court and remand for the entry of an order confirming the majority report and for such additional matters as are necessary to conclude this partition. Because the respondents desire the property sold at public sale, the trial court is authorized to provide in its order for the sale of the parcels allocated to the respondents in the manner provided for the sale of all of the tracts as set forth in the appealed order.

■ Appellants also claim that the trial judge's order providing for the proceeds of any sale to be paid to him personally was also inappropriate. We agree. Although the trial judge is the Master-in-Equity for Greenville County and it would be proper for him to handle the funds were the action brought in Greenville County and referred to him as Master, it is improper for him as a special circuit court judge in Pickens to handle these funds. The trial court should provide for the disbursement of the proceeds of the sale, the payment of the costs and expenses of the partition, and any other necessary matters by supplemental order.

Reversed and remanded.

GOOLSBY and HEARN, JJ., concur.