THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Frank M. Marvin, Respondent,
 v.
 Frances R. Pritchett, M.D., Appellant.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Master-In-Equity
Unpublished Opinion No. 2007-UP-255
Heard May 7, 2007  Filed May 24, 2007    
REVERSED AND REMANDED

 
 
 
 Ellis R. Lesemann, of Charleston, for Appellant.
 G. Thomas Hill, of Ravenel, Joseph K. Qualey, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Frances Pritchett appeals the master-in-equitys decision ordering a partition by sale instead of adopting the Report of the Commissioners, which recommended a partition in kind.  We reverse and remand.
I.
In the 1940s, when Frank Marvin was a child, his parents owned a large tract of property adjacent to the TooGooDoo Creek located in the town of Hollywood in Charleston County.  In the mid 1960s, Marvins parents sold the property to Buist Hanahan.  In the late 1960s, Hanahan also purchased a smaller interior tract.  In the mid 1970s, Hanahan offered to sell the entire 235 acre tract (the Property) to Marvin.  The Property was once a part of the Ripponton Plantation and was known as Summer House and also Walnut Hill.  Marvin was unable to purchase the Property alone and asked his friend William Woodward to join him in acquiring the Property.  Woodward agreed, and he and his wife, Frances Pritchett, contributed half of the money for the purchase.  Later, Pritchett and Woodward divorced, and Pritchett acquired their half-interest in the Property. 
 
In 2001, because of Pritchett and Marvins inability to agree as to how the Property would be managed, Marvin filed a complaint requesting the partition of the Property in kind or, in the alternative, for the public sale of the Property.  The matter was referred to a master-in-equity.  On May 13, 2003, the master issued a writ of partition appointing five commissioners.  On October 30, 2003, the master issued an order extending the time for the commissioners report.  On March 19, 2004, the master executed an order by consent of all parties to reduce the number of commissioners from five to three.  On the same day, the three commissioners submitted the Report of Commissioners (the Report), which recommends partition in kind.  The Report concludes partition in kind is possible and practical and proposes dividing the property into two parcels of equal value.  According to the Report, Marvin would receive the Northeastern tract, which contained forty percent of the Property, and Pritchett would receive the Southeastern tract, which contained sixty percent of the Property.  To accomplish an overall equal division in terms of value, the unique characteristics of the Property required an unequal division in terms of acreage.[1]  
 
On March 31, 2004, Marvin submitted objections to the Report.  On April 13, 2003, Commissioner John Thomas submitted a Minority Report of Commissioners and Pritchett submitted an affidavit in favor of the Report.  On November 17, 2004, a consent order for continuance was filed.  On January 19, 2005, the master issued an order of temporary remand to the partition commission ordering the commissioners to assess values to the two partitioned parcels.  
 
On March 7, 2005, the master held a hearing regarding the matter at which Commissioner Kenneth Krawcheck and Commissioner Thomas both of whom testified regarding their respective opinion on the partition of the Property.  On April 28, 2005, the master conducted an additional hearing at which Pritchett, Marvin, Commissioner Walton Flowers, and experts for both sides testified. 
 
At the conclusion of the witness testimony, the master made an oral ruling that he would reject the Report but granted the parties sixty days to negotiate a buyout before the master would sell the Property at a judicial sale.  On January 4, 2006, the master entered an order rejecting the Report, finding it erroneous, unfair, unjust and inequitable for failing to: (1) place a monetary value on the property beyond a 2000 appraisal; (2) provide for owelty[2] because of the discrepancy in the sizes of the two parcels; (3) determine the specific acreage sizes for the proposed partition of land; and (4) make findings as to the equitable division of the property other than the conclusory decision that the division was fair and equitable.  The master ordered a public sale of the Property.  This appeal follows.
II.
An action for partition is equitable in nature.  Wilson v. McGuire, 320 S.C. 137, 140-41, 463 S.E.2d 614, 616 (Ct. App. 1995).  In an appeal of an equitable action tried before a Master authorized to enter final judgment, this court must review the entire record and make its own findings of fact in accordance with the preponderance of the evidence.  Ellis v. Smith Grading & Paving, Inc., 294 S.C. 470, 473, 366 S.E.2d 12, 14 (Ct. App. 1988).
III.
Pritchett contends the master erred in failing to adopt the Report and ordering a partition by sale.  First, Pritchett argues the master did not follow the proper standard of review because the evidence does not show the Report is erroneous, unfair, unjust, and inequitable.  Further, Pritchett maintains the master erred by ordering the disfavored remedy of public sale when the greater weight of the evidence shows the Property can be divided in kind and the master did not find that partition in kind was not practicable or expedient.  We agree. 
 
A partition procedure must be fair and equitable to all parties of the action.  Zimmerman v. Marsh, 365 S.C. 383, 386, 618 S.E.2d 898, 900 (2005).  Partition in kind is preferred over a judicial sale of the property.  Cox v. Frierson, 316 S.C. 469, 470, 451 S.E.2d 392, 393 (1994); see also Pinckney v. Atkins, 317 S.C. 340, 345, 454 S.E.2d 339, 342 (Ct. App. 1995) (finding partition in kind is favored when it can be fairly made without manifest injury to all co-tenants).  The party seeking partition by sale carries the burden of showing partition in kind is not practicable or expedient.  Anderson v. Anderson, 299 S.C. 110, 114, 382 S.E.2d 897, 899 (1989).  In partition proceedings, the court may order the sale of the property and a division of the proceeds to the parties when a partition cannot be fairly and equally made.  S.C. Code Ann. § 15-61-100 (2005).  

The return of a majority of the commissioners may not be rejected unless the division is clearly shown to be erroneous, unfair, unjust and inequitable.  Wilson v. McGuire, 320 S.C. 137, 142, 463 S.E.2d 614, 617 (Ct. App. 1995).  In order to overturn the valuation made by the commissioners in partition, the valuation must be shown to be so grossly incorrect and unequal as to justify an inference that the commissioners acted from an unfair and improper motive.  Parrott v. Barrett, 81 S.C. 255, 260, 62 S.E. 241, 242 (1908).
The master stated the Report is erroneous, unfair, unjust, and inequitable but did not make any specific findings regarding what makes it so.  The master focuses on the fact that the Report does not provide any specific values of the parcels.  In Wilson, 320 S.C. at 142, 463 S.E.2d at 617, this court found the trial courts criticisms concerned the value of the allocated parcels, not the feasibility of dividing the tract in-kind, and we found no competent evidence in the record that any tracts were less valuable than others.  
 
Here, although the Report does not specify monetary values for the individual parcels, it does provide the two parcels are equal in value.  The Report proposes to divide the Property sixty-forty to achieve the very thing the master says the Report is lackingan equality of value.  According to the commissioners, because of the topography of the property, a sixty-forty percent division ensures that each party will have an equal share.  Certainly, the commissioners were in a good position to make this division.  These commissioners were chosen by the parties and the master for their unique expertise not only in real estate, but particularly real estate in this area.  In fact, the parties hired Commissioner Flowers in 2000 to appraise the Property.  Accordingly, Flowers was intimately familiar with the unique characteristics of this land and the factors that would indicate its value.  With these things in mind, we conclude a monetary value was not necessary for the commissioners to divide the Property equally among the parties.
 It is also important to note that Marvin has not provided any evidence in monetary terms of a disparity between the parcels as divided by the Commission.  Although Marvins expert, Tommy Harnett, testified the parcels are not equal based on the factors considered by the Commission, he maintained if the Property were divided, the master should adopt the Reports division.  Pritchetts expert, Michael Robinson, testified that the two parcels are equal in value.  Based on our examination of the Report and the evidence contained in the record, we do not find the Report erroneous, unfair, unjust, and inequitable or so grossly incorrect and unequal as to justify interference.  
 
Moreover, for the master to order partition by sale, the master must find partition in kind is not practicable or expedient.  The burden is on the party seeking partition by sale to show partition in kind is not practicable or expedient, which Marvin has not shown here.  In fact, the master stated, Im not sure that the partition in kind is not practicable or expedient and I have no doubt this property can be subdivided under any stretch of the imagination.  Its 235 acres.  Im certain it can be divided.  See Wilson, 320 S.C. at 142, 463 S.E.2d at 617 ([E]ven if the trial court had a reasonable basis to believe the appellants parcels were more valuable than other parcels, the more appropriate course would have been to recommit the matter to the commissioners to adjust the acreage to be received by the appellants or to have the appellants account for the difference in value by a cash payment and/or deduction from their share of the home place sale proceeds.).  The division of the Property proposed by the Report is actually very similar to the division Marvin submitted.  The evidence does not establish that the parcels are unequal or that the Report is erroneous, unfair, unjust, and inequitable.  Accordingly, the master should have confirmed the Report.
IV.
The master abused his discretion in rejecting the Report, and the masters order is reversed.  We remand for entry of judgment in accordance with the Report.
REVERSED and REMANDED.
HEARN, C.J., GOOLSBY and KITTREDGE, JJ., concur.

[1] The unique characteristics include the amount of water frontage, the old homestead site, the amount of marshland, and a drainage easement. 
 
[2] Blacks Law Dictionary defines owelty as equality as achieved by a compensatory sum of money given after an exchange of parcels of land having different values or after an unequal partition of real property.  1130 (7th ed. 1999).