9350

W. GORDON McCABE & CO. v. COLLETON MERCANTILE & MANUFACTURING CO.

(90 S. E. 161.)

1. Account — Complicated Transactions — Equitable Jurisdiction.— An action between dealers in cotton, the chief differences between the parties being as to some of the terms of the contract between them and the price of cotton on certain dates, was not triable in equity, by the Court and not by the jury, on the ground that it involved long and complicated accounts, since a party will not be deprived of his right to jury trial, on the ground that equity has jurisdiction of actions involving long and complicated accounts, unless the accounts involved are not only long, but too complicated for comprehension by an ordinary jury.

2. Principal and Agent — Actions Between — Legal Character.— A principal may sue his agent, or an agent his principal, at law, when the legal remedy is complete and adequate, so that the mere fact that plaintiffs were agents of defendant did not impart to their mutual accounts such equitable features as to deprive the Court of law of jurisdiction.

3. FRAUD—LEGAL JURISDICTION.—Fraud is recognizable at law as well as in equity.

4. EQUITY—JURISDICTION—FORECLOSURE OF LIEN.—Equitable jurisdiction did not attach to an action between dealers in cotton, because plaintiffs, also seeking the recovery of a specific sum of money, claimed the right to foreclose their lien on defendant's cotton in their possession, which lien they had already in fact foreclosed, since they had an adequate and complete remedy at law.

Before MOORE, J., Walterboro, August, 1915.    Affirmed.

Action by W. G. McCabe, Jr., and W. F. Gray, copartners, trading under the firm name of W. Gordon McCabe & Co., against the Colleton Mercantile & Manufacturing Company. From an order refusing to transfer the cause from calendar No. 1, to calendar No. 2, plaintiff appeals.

*Messrs. Buist & Buist* and *James E. Peurifoy,* for appellants, cite: 43 S. C. 187; Code Civil Proc., secs. 312, 313; 79 S. C. 473; 54 S. C. 155; 12 S. C. 97, and submit: I. *The action of the plaintiffs is not for the recovery of money only, and other relief is necessary and is demanded:* 69 S. C. 136; 44 S. C. 116; 75 S. C. 105; Cheves Eq. 189; 69 S. C. 186; 68 S. C. 136; 70 S. C. 253.    II. *The action is in equity, because the complaint shows the existence of a fiduciary relationship, a trust, and asks for an enforcement of that trust and of the rights and liabilities thereunder:* 15 S. C. Eq. (Cheves) 189; 39 Cyc. 472, 588.    III. *The action is in equity, because the complaint asks for an accounting between the parties, and alleges facts showing the existence of complicated accounts maintaining between the parties:* 15 S. C. Eq. (Cheves) 189; 46 S. C. 133, 146; 75 S. C. 105; 78 S. C. 169; 17 S. C. 538.    IV. *The action is in equity, because it alleges facts showing the advancement of money, on the security of goods delivered and pledged, with the necessary existing lien upon those goods, and in asking for an accounting it shows the necessity of a foreclosure of that lien and*

*the| application of the value of those goods to the debt:* 16 Cyc. 88; 25 Cyc. 681. V. *The action is in equity, because the answer injects an issue of fraud which is more properly cognizable in equity than at law:* 78 S. C. 169; 44 S. C. 116; 33 S. C. 530, 541; 76 S. C. 313; 120 U. S. 130. VI. *Mutuality of remedy is a principle of the jurisprudence of this State, and the defendant here had a remedy in equity against the plaintiffs:* 75 S. C. 114; 15 S. C. Eq. (Cheves) 200. VII. *An entire cause should not be transferred from calendar two to calendar one, if any of the issues involved are equitable:* 44 S. C. 119.

*Messrs. Howell & Gruber,* for respondents, cite: 17 S. C. 538.

*Messrs. Padgett & Moorer,* also for respondents, submit: *Legal issue must be tried by jury:* 69 S. C. 196. *Factor's accounts:* 17 S. C. 538; 19 Cyc. 116, 156. *Prayer does not affect character of action:* 34 S. C. 273; 30 S. C. 242; 42 S. C. 92; 43 S. C. 299; 91 S. C. 519. *Fraudulent breach of contract:* 70 S. C. 108; 91 S. C. 417.

October 3, 1916.

The opinion of the Court was delivered by Mr. Justice Hydrick.

The question to be decided in this case is whether the issues made by the pleadings are legal or equitable, and, in consequence, triable by a jury or by the Court. The pleadings are too long to be reported; but the following statement of the substance of them will be sufficient for the purposes of the case: Plaintiffs allege that they were engaged in buying and selling cotton at Charleston, some of which was for export, and defendant was engaged in buying and selling cotton at Ritters, in Colleton county; that they made

a contract with defendant, whereby defendant was to ship cotton to them, which they were to hold in storage for defendant, and advance money thereon to defendant, charging interest at 6 per cent. per annum and 25 cents a bale storage for each month, or fraction thereof, the cotton to be weighed and graded as received, and reports thereof made to defendant; that they were to have the privilege of using the cotton in their business, as they desired, and settle with defendant therefor at such times as defendant might elect at the price prevailing at Charleston at date of settlement, such settlements being technically considered as sales to them of so much cotton, or, on payment by defendant of the amount due them for money advanced and storage charges, they were to deliver to defendant as many bales of other cotton as they had used of defendant's cotton and adjust differences in weights and grades according to the price at Charleston at date of settlement and if, at any time, they thought the amount of cotton to defendant's credit insufficient security for the money advanced defendant was to cover the deficiency by payment of money or shipment of more cotton, and, on failure to do so, they were to have the right to close the account by settling for the cotton then to the credit of defendant, at the price at Charleston at date of such settlement, and apply the amount to defendant's account; that, under this contract, defendant shipped them 1,443 bales between September 11 and December 24, 1913, and money was advanced thereon and settlements made therefor as per detailed statements attached to the complaint; that on February 8, 1914, believing the cotton then to defendant's credit to be insufficient security for the amount due them, they demanded the payment of money or the shipment of more cotton; that defendant promised to pay $5,000, or to pay the whole amount due, and receive the number of bales not previously settled for, but did neither, whereupon they closed the account by settling for the cotton to defendant's credit on February 10th according to the con-

tract, and rendered a statement thereof to defendant, on February 18th, which showed a balance due them by defendant of $4,006.10. The relief prayed for is that an accounting be had between plaintiffs and defendant to be passed upon by the Court, and that plaintiffs have judgment against defendant for $4,006.10.

Defendant's version of the contract differs from that of plaintiffs chiefly in the following respects: Defendant says there was to be no charge for storage of cotton for 30 days after receipt thereof, and thereafter the charge was to be 20 cents a bale for each month, or fraction thereof; and, on payment of the amount due plaintiffs, they were to deliver to defendant the cotton consigned, or an equal number of bales of equal weights and grades. Defendant alleges that plaintiffs' demand for money or more cotton to cover the alleged deficiency was not complied with, because the demand was for an excessive amount, but that defendant offered to pay plaintiffs the whole amount then due them, and were ready and willing to do so if plaintiffs had delivered, or offered to deliver, to defendant the cotton consigned and then to defendant's credit, or an equal number of bales of equal weights and grades, but that plaintiffs refused to do this and insisted that defendant should accept an equal number of bales of grades inferior to those consigned by defendant; that at that time good grades of cotton, such as defendant had consigned to plaintiffs, were in demand, and were selling at a premium, while inferior grades were unsalable, and for that reason defendant refused to accept such cotton; that at the time plaintiffs pretended to close the account cotton of the grades held by them for defendant was worth more at Charleston than plaintiffs allowed for it in making the settlement. For a counterclaim defendant alleges that plaintiffs breached the contract by closing the account and converting the cotton to their own use, when they had no right to do so, to defendant's damage, in that the price allowed was less than the actual value of the cotton at

Charleston, and because defendant intended to hold the cotton for a higher price, which could have been obtained by holding it until May following.

Plaintiffs contend that the issues are equitable because a long and complicated account is involved; and because they were agents of defendant, and the transactions involved a trust and the execution of it, and, as agents and trustees, they had asked to account and have their accounts passed upon by the Court, so that they might be discharged properly from their office as agents and trustees; and because they had a lien on the cotton for the amount due them, which they sought to have foreclosed; and because fraud was charged against them by defendant; and, as defendant would have had the right to have them account in equity, the remedy should be mutual, and they, too, should have the right to account in equity.

Without doubt, the general principles relied upon by plaintiffs are sound, but they are not applicable to the facts and circumstances of this case. It is elementary that equity has jurisdiction of actions in which long and complicated accounts are involved, on the ground that the remedy at law in such cases is not adequate. Some of the reasons are that the circumstances ordinarily incident to jury trials make it impracticable for the jury to properly examine such accounts, and make the computations and adjustments necessary to ascertain the truth and do justice between the parties. But it is equally well settled that the mere fact that an account is long, or that it contains a great many items of debit and credit, is not alone sufficient ground for the jurisdiction of equity to attach, because there may be little or no dispute as to the items, or, if so, the proof of them may be made as readily before a jury as a master. The rule, therefore, is that, to deprive a party of the right of jury trial, the account involved must not only be long, but so complicated that it would be impracticable for an ordinary jury to comprehend and decide the issues correctly.

In the case at bar, the chief differences between the parties are as to some of the terms of the contract and the price of cotton on certain dates. These are questions of fact, and they cause no complications of the account that a jury may not dispose of without difficulty.

Nor does the mere fact, if it be a fact, that plaintiffs were agents of defendant impart to the transactions such equitable features as to deprive the Court of law of jurisdiction, because a principal may sue his agent or an agent his principal at law, when the remedy at law is complete and adequate.

We do not construe the answer of defendant as charging plaintiff with fraud; but if it does, that is not enough, for fraud is cognizable at law as well as equity.

Nor is the contention of plaintiffs that they have the right to foreclose their lien on the cotton sufficient, because they have already foreclosed their lien, and therefore do not now need the aid of equity for that purpose, since the remedy they seek—the recovery of a specific sum of money—is adequate and complete and may be afforded them at law.

When carefully analyzed and considered, there does not appear to be such material differences between the facts and circumstances of this case and the case of *Smith* v. *Bryce,* 17 S. C. 538, in which the issues were held to be legal and triable by jury, as to warrant the application of a different principle.

Order affirmed.

Messrs. Justices Watts and Gage concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.* I dissent on the ground that the amount due cannot be ascertained without a complicated accounting.

MR. JUSTICE FRASER concurs in the dissent announced by the CHIEF JUSTICE.