22891

Charles E. EDWARDS and Joan M. Edwards, Respondents v. Annie Mary TIMMONS, Appellant.

(377 S. E. (2d) 97)

Supreme Court

*Annie Mary Timmons,* Columbia, *pro se.*

*Timothy St. Clair* and *Edwin P. Martin,* Columbia, *for respondents.*

Heard June 9, 1988.

Decided Aug. 1, 1988.

*Per Curiam:*

Respondents (Buyers) commenced this action to quiet title to a parcel of real estate they purchased from appellant (Seller). Seller counterclaimed to recover the property on the ground of fraud. Seller's request for a jury trial was denied and the action was referred to a master. The order of reference was not appealed. The master found no fraud. The circuit court adopted the master's findings and quieted title in Buyers' favor. We affirm.

Seller claims Buyers' title to the property is fraudulent because it is based on perjurious testimony and forgery.

Findings by a master-in-equity with which the circuit court concurs will not be disturbed on appeal unless without evidentiary support. *Townes Assoc., Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). The master found no fraud in Buyers' acquisition of the property. This finding is supported by the record and we find no error.

Seller claims she was deprived of due process because she was not given a jury trial and the hearing on her counterclaim for fraud was inadequate.

Seller's counterclaim for fraud was the subject of a pending action she filed to recover the same property. A counterclaim is not compulsory if at the time the action was commenced the claim was the subject of another pending

action. Rule 13(a), SCRCP. A defendant who brings a legal but permissive counterclaim to an action in equity waives his right to a jury trial. *Johnson v. South Carolina Nat'l Bank,* 292 S. C. 51, 354 S. E. (2d) 895 (1987). The circuit court properly refused Seller's request for a jury trial. In any event, Seller did not appeal the order of reference which is therefore the law of the case. *Creed v. Stokes,* 285 S. C. 542, 331 S. E. (2d) 351 (1985).

Further, the master's report indicates he considered evidence on the issue of fraud, including Seller's testimony that the signature on the deed was a forgery, but found it unconvincing. Seller's unsubstantiated complaints regarding due process are not supported by the record and we find no error.

Accordingly, the judgment of the circuit court is

Affirmed.