596 S.E.2d 386

**Clotell BATEMAN, Respondent/Appellant,**

v.

**Helen V. ROUSE, Appellant/Respondent.**

**No. 3792.**

Court of Appeals of South Carolina.

Heard March 11, 2004.

Decided May 3, 2004.

Craig E. Burgess, of Atlanta, for Appellant–Respondent.

Deena Smith McRackan, of Charleston, for Respondent–Appellant.

HEARN, C.J.:

Clotell Bateman brought this action against Helen V. Rouse alleging conversion and wrongful withholding of certain funds and personal property due to the widow of Robert L. Bateman. The trial court issued an order awarding certain items of property to each party. Both parties appeal. We reverse and remand for a new trial.

## FACTS

Clotell Bateman married Robert Bateman in 1944 when she was sixteen years old. The couple lived together continuously until 1968. On November 14, 1983, Robert Bateman purportedly obtained a divorce from Clotell. In 1988, Robert married Helen Rouse. Robert died on August 9, 1994. Upon his death, Helen received survivor's pension benefits, worker's death benefits under Social Security, survivor's insurance policy proceeds, and a flag from the Veterans Administration.

In 1996, Clotell filed a motion to vacate the order of divorce, contending that the decree was void and that Robert's marriage to Helen was invalid. On July 7, 1997, the family court declared the 1983 divorce decree void *ab initio* due to Robert's misrepresentations and fraud upon the court in obtaining service by publication in his action for divorce. Therefore, the family court found the divorce decree and Robert's marriage to Helen were void, and declared Clotell to be Robert's wife at the date of his death. The family court ordered that "any funds due to the widow of [Robert] be paid over to [Clotell]." This order was not appealed.

Clotell brought this action on May 12, 2000 seeking to recover the following items that had been disbursed to Helen in her capacity as Robert's widow:

a) $41,619.48 received from Robert's pension;

b) a death benefit of $10,000 under the Pension and Welfare Fund;

c) $35,000 survivor's insurance policy proceeds under the Welfare Fund;

d) certain other bonuses and benefits;

e) a flag and certificate from the Veterans Administration; and

f) Robert's discharge papers.

Clotell alleged Helen committed conversion and wrongful withholding by obtaining these items that rightfully belong to Clotell, as Robert's widow under the 1997 family court order. Helen answered Clotell's complaint, specifically requesting a jury trial and asserting several equitable defenses. The case was set on the jury roster in Charleston County. Immediately before the trial began, the trial judge ruled on his own motion that Helen did not have a right to a jury trial because the claims and defenses were equitable in nature. In denying Helen's request for a jury trial, the trial judge stated:

> Now, bottom line is this. No matter which way you couch it, [Clotell's] action arises upon the basis of a family court decision unappealed from, finding that their marriage was never ended, because jurisdiction in the '82 divorce action was never conferred upon the family court in Charleston County. That's it.

> The defenses as raised, even though it may be styled as conversion, the defenses as raised are all equitable. In an equity cause of action the trial court has to find matters of fact and matters of law in order to resolve equitable issues. Just because there's a question of fact in an equitable defense does not mean it's a trial by jury. It can't be. If that were the case, then you could never have a trial by court only, under equity, master in equity, or other issues, because in every single case there has to be a finding of fact, conclusion of law, an order in order to resolve the case

> . . . .

> Now, it is equity, no matter which way you cut it. The reason it is equity is because the family court made a decision that gave rights to [Clotell], perhaps. Whether it

should be here or in probate court, I'm not going to address that issue except perhaps in a final order.

. . . .

I find as a matter of law that this is in essence an equitable action pursuant to the code section—excuse me, not the code section, Rule 39(a) and (b). I do not find that [Helen] has a jury issue in this particular case. I find further that [Clotell] in her filing did not request a trial by jury, and therefore we're going to go forward today as a nonjury trial. Obviously both sides' rights are protected pursuant to my decision.

The trial judge then advised counsel that the jury trial issue was not immediately appealable and denied Helen's motion to hold the matter in abeyance to allow for appeal. The case proceeded to trial that same day after a brief recess.

At the close of her case in chief, Clotell moved to amend the pleadings to include causes of action for recoupment and unjust enrichment. The judge took the matter under advisement until the conclusion of the case.

In the final order dated June 17, 2002, the trial judge found sufficient evidence to support the causes of action for conversion and wrongful withholding, but did not find sufficient evidence to support the claim for recoupment. In addition, the judge found that while Helen had been unjustly enriched at Clotell's expense, Clotell's original claims for conversion and wrongful withholding afforded her sufficient relief. He therefore granted judgment against Helen in the amount of $41,619.48 for the survivor's pension benefits and $255 for the worker's death benefit under Social Security. He also awarded Clotell the flag from the Veterans Administration. Clotell's claims for return of the $35,000 survivor's insurance proceeds under the Welfare Fund and the $10,000 death benefits were denied on the grounds that Robert's designation of Helen as beneficiary was evidence of his intent that she receive the proceeds and benefits. Helen appeals, arguing the trial judge erred in (1) denying her right to a jury trial, (2) refusing to grant her motion for directed verdict, and (3) denying her equitable defenses. Clotell also appeals, asserting the trial judge erred by (1) failing to award her the $35,000 insurance proceeds, and (2) excluding certain testimony.

## LAW/ANALYSIS

### I. Denial of the request for a jury trial

■ Helen argues the trial judge erred in ruling she did not have a right to a jury trial because Clotell's claim for conversion was an action at law. We agree.

■ The South Carolina Constitution preserves the right of trial by jury only in those cases in which parties would have been entitled to it at the time of the adoption of the Constitution. *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997). See also Rule 38(a), SCRCP ("The right of trial by jury as declared by the Constitution or as given by a statute of South Carolina shall be preserved to the parties inviolate. Issues of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial be waived."). "Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions." *Lester*, 327 S.C. at 267, 491 S.E.2d at 242 (citation omitted). Whether an action is legal or equitable is primarily determined by the allegations in the complaint. See *Nat'l Bank of South Carolina v. Daniels*, 283 S.C. 438, 440, 322 S.E.2d 689, 690 (Ct.App.1984). Where legal and equitable issues or rights are raised in the same complaint, the legal issues are for determination by a jury and the equitable issues are for determination by the court. *Floyd v. Floyd*, 306 S.C. 376, 379, 412 S.E.2d 397, 398–99 (1991). Furthermore, either party may demand a trial by jury of any issue triable by jury. See Rule 38(b), SCRCP.

■ "An action for damages for conversion is an action at law." *Blackwell v. Blackwell*, 289 S.C. 470, 471, 346 S.E.2d 731, 732 (Ct.App.1986) (citation omitted). In this case, Clotell asserted causes of action for conversion, wrongful withholding, recoupment, and unjust enrichment. In addition to seeking equitable relief in the form of possession of items of personal property, Clotell asserted a legal cause of action for conversion and sought damages in the amount of the funds received by Helen as Robert's widow, and pre-and post-judgment interest. Furthermore, Helen properly endorsed upon her answer a demand for a jury trial. See Rule 38(b), SCRCP. Helen's

assertion of equitable defenses does not change the nature of Clotell's conversion claim from an action at law to one in equity. Rather, such equitable defenses are equitable issues for determination by the court. See *Hann v. Carolina Cas. Ins. Co.*, 252 S.C. 518, 526, 167 S.E.2d 420, 424 (1969). Accordingly, we hold the trial judge erred in denying Helen's request for a jury trial on Clotell's claim for conversion. See *Floyd*, 306 S.C. at 379, 412 S.E.2d at 398–99.

## II. Failure to immediately appeal

■ Clotell argues that Helen waived her right to a jury trial by not immediately appealing the trial judge's denial of her request for a jury trial. We disagree.

■ Not only did the trial judge err in finding Helen did not have a right to a jury trial, but he also erred in finding the denial of a right to a jury trial is not immediately appealable. Orders of the trial judge denying a request for a jury trial involve the mode of trial, affect substantial rights under section 14-3-330(2) of the South Carolina Code (1976 & Supp. 2003), and are immediately appealable. See *Lester*, 327 S.C. at 266, 491 S.E.2d at 241. The failure to immediately appeal an order affecting the mode of trial constitutes a waiver of the right to appeal these issues. *Id.*

In *Lester v. Dawson*, 327 S.C. 263, 491 S.E.2d 240 (1997), an attorney brought an action to collect attorney's fees from a client. The client made at least two pre-trial motions for a jury trial. The circuit court rejected the client's motion for a jury trial and placed the case on the non-jury roster. The denial of the motion was not appealed from; rather, the client renewed his motion that the case be transferred to the jury roster at trial. The circuit court found the question moot because the client had not appealed from the previous order. *Id.* at 265, 491 S.E.2d at 241. The supreme court agreed, finding the client waived his right to a jury trial by not immediately appealing the order denying his motion for a jury trial.

Here, Helen had no opportunity to immediately appeal from the trial judge's sua sponte decision to hold a non-jury trial because the trial was held that same day after only a brief recess. When Helen requested that the case be continued to

allow her to appeal, the trial judge refused her request, declaring that a right to a jury trial was not immediately appealable. Thus, while the judge's denial of Helen's request for a jury trial was immediately appealable, we find this case is not controlled by the waiver principles expressed in *Lester*.

Moreover, in other cases in which our supreme court has required an immediate appeal from the denial of a jury trial, the moving party had the opportunity to appeal when the trial court issued an order of reference to a master-in-equity. *See, e.g., Edwards v. Timmons*, 297 S.C. 314, 316, 377 S.E.2d 97, 97 (1988) (holding that the trial court's unappealed order of reference to a master-in-equity became the law of the case); *Creed v. Stokes*, 285 S.C. 542, 542–43, 331 S.E.2d 351, 351–52 (1985) (finding the appellant waived his objection to the order of reference by not immediately appealing the order). In this case, however, no order of reference was ever issued. Because the judge also denied Helen's motion to hold the case in abeyance and because the non-jury trial proceeded shortly after the judge made his erroneous finding that Helen had no right to a jury trial, Helen had no meaningful opportunity to immediately appeal. The judge's denial of Helen's motion to hold the trial in abeyance placed counsel in an untenable position, as Helen's counsel could not both proceed with the trial and immediately appeal the jury trial issue.

Furthermore, the purpose of requiring an immediate appeal of the denial of the right to a jury trial is to preserve a party's constitutional rights that would otherwise be lost. See generally S.C. Const. Art. I, § 14; S.C.Code Ann. § 14–3–330(2) (1976). In this case, Helen's constitutional right to a trial by jury on the conversion issue was lost through no fault of her own. Helen made every effort to assert her right to a jury trial and to immediately appeal the issue. However, due to the trial judge's errors, Helen's constitutional right to a trial by jury was lost. As a result, we find Helen did not waive her right to a jury trial because she was afforded no opportunity to immediately appeal the issue.

Clotell asserted in oral argument that Helen further waived her right to a jury trial by not appealing following the non-jury trial. Specifically, Clotell argues that Helen should have served a notice of appeal immediately after the non-jury trial

concluded rather than waiting until after the judge issued a written order resolving the case. We disagree.

As previously noted, the purpose of requiring an immediate appeal is to preserve a party's constitutional rights that would otherwise be lost. See generally S.C. Const. Art. I, § 14; S.C.Code Ann. § 14–3–330(2) (1976). Here, Helen's constitutional right to a jury trial was lost despite her best efforts to secure a jury trial. Once the case was tried non-jury, Helen's right to a jury trial had already been forfeited. Under these circumstances, we do not believe the policy behind requiring an immediate appeal would have been furthered had Helen appealed at the conclusion of the non-jury trial. Moreover, once the case was tried non-jury, Helen arguably was required to wait for a written order prior to appealing. See Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment. . . . When a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment."); *Ford v. State Ethics Com'n,* 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001) ("The written order is the trial judge's final order and as such constitutes the final judgment of the court."). Thus, we find Helen preserved her right to a jury trial by timely serving her notice of appeal after the final judgment.

## CONCLUSION

The trial judge erred in denying Helen's request for a jury trial and compounded that error when he ruled that the denial of a right to a jury trial was not immediately appealable. Because Helen had no opportunity to appeal from the trial judge's ruling prior to commencing the non-jury trial, we hold she did not waive her right to a jury trial. This case presents both legal and equitable issues, and as such, the legal issues are for determination by a jury and the equitable issues are for determination by the court. *Floyd,* 306 S.C. at 380, 412 S.E.2d at 399. If both the legal claims and the equitable claims are to be tried in a single proceeding, the legal issues are to be determined first, and the findings of the jury are binding on the court. *Johnson v. South Carolina Nat'l Bank,*

292 S.C. 51, 55, 354 S.E.2d 895, 897 (1987). Therefore, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**

ANDERSON and BEATTY, JJ., concur.