682 S.E.2d 498

**MORTGAGE ELECTRONIC SYSTEMS, INC., Respondent,**

v.

**Daniel P. WHITE, Amanda L. White f/k/a Amanda L. Frierson, Clarence Wheeler, The South Carolina Department of Public Safety, and Daniel R. White, Defendants,**

and

**Daniel P. White and Amanda L. White f/k/a Amanda L. Frierson, and Daniel R. White, Third–Party Plaintiffs,**

v.

**Hugh M. Cooper and Kelly Springs Wise, Third–Party Defendants,**

**of whom Daniel P. White, Amanda L. White f/k/a Amanda L. Frierson are the Appellants.**

No. 4589.

Court of Appeals of South Carolina.

Submitted March 1, 2009.

Decided July 13, 2009.

---

608

---

Scott Lamar Robinson, of Manning, for Appellants.

John Judson Hearn, of Columbia, for Respondent.

HUFF, J.:

Daniel P. White and Amanda L. White (collectively the Whites) appeal the special referee's judgment for Mortgage Electronic Registration Systems, Inc. (Mortgage Electronic). They argue the special referee erred in: (1) denying their motion for a jury trial, (2) failing to recuse himself from the case, and (3) awarding judgment to Mortgage Electronic despite evidence that allegedly indicated fraud during the mortgage process. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On October 20, 2000, the Whites obtained a loan in the amount of $82,000 from Fleet National Bank in order to purchase a mobile home. To secure the loan, they executed a mortgage with the bank, using real property in Clarendon County. The real property was owned in fee simple by Son's father, Daniel R. White (Father), and neither Son nor Amanda held any concurrent interest in the real property at the time the mortgage was executed. Fleet National Bank later assigned the mortgage to Mortgage Electronic.

In May of 2002, Mortgage Electronic brought an action for foreclosure after the Whites defaulted on the mortgage. Mortgage Electronic was unable to locate the Whites to serve them with the complaint, and instead noticed the foreclosure through publication. On Mortgage Electronic's motion, the case was transferred to a special referee.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

The Whites' first appearance in this action occurred almost two years after Mortgage Electronic initially filed the complaint, when they filed an answer and demanded a jury trial on April 7, 2004. On Mortgage Electronic's motion, the special referee joined Father to the action after Mortgage Electronic discovered Father owned the property involved in the mortgage foreclosure. In an order filed August 17, 2005, the special referee denied the Whites' demand for jury and added as third-party defendants the closing attorney, Hugh M. Cooper, and one of his employees.

The Whites, along with Father, renewed their demand for a jury trial in their answer to Mortgage Electronic's second amended complaint, filed on September 21, 2005. In their answer, they asserted a fraud counterclaim against Mortgage Electronic. Specifically, they maintained Cooper who worked on the mortgage paperwork forged the closing documents to reflect the name of Father rather than Son. The Whites alleged Cooper took these actions in order to facilitate the closing of the loan, as Son did not legally own the property. They also asserted counterclaims for slander of title and violation of the South Carolina Consumer Protection Code, 37–10–102, –5–108 of South Carolina Code (2002 & Supp.2008). In addition, the Whites and Father asserted claims for slander of title and fraud against Cooper and his employee. The Whites subsequently dismissed their third-party claims against Cooper and his employee.

The special referee proceeded with a non-jury trial on June 20, 2006. Before the trial started, the Whites brought two pre-trial motions before the special referee: (1) a motion for the recusal of the special referee and (2) a motion for jury trial based on their fraud counterclaim. The special referee denied the Whites' motion for recusal. The special referee also denied the motion for jury trial based on the fraud counterclaim, stating the motion was not timely made.

After a two-day trial, the special referee declared the mortgage was void *ab initio* because Father, the fee simple owner of the property, was not a mortgagor or a party to the mortgage. He ordered the sale of the mobile home and calculated the judgment amount as $111,820.10. He did not address the issue of fraud. This appeal followed.

## LAW/ANALYSIS

### A. Jury Trial

The Whites argue the special referee erred in denying their motion for a jury trial. We disagree.

As an initial matter, we consider whether the Whites waived their right to a jury trial. Orders affecting the right to jury trial are immediately appealable and must be raised in court at the first opportunity. *Lester v. Dawson*, 327 S.C. 263, 266, 491 S.E.2d 240, 241 (1997). If the order is not immediately appealed, the trial by jury issue is waived for purposes of appeal. *Id.*

We first consider the Whites' failure to appeal the August 2005 order. The Whites initially made a demand for a jury trial in three pleadings: their two individual answers to Mortgage Electronic's first complaint and their motion to add a third-party defendant/motion for jury trial. The special referee ruled upon these motions in its August 2005 order, denying the Whites' initial jury demands. As the Whites failed to appeal the special referee's order, they waived their right to raise any claims on these initial jury demands on appeal.

We next turn to an analysis of the Whites' final jury demand on the issue of fraud. The Whites made another jury demand in their answer to Mortgage Electronic's second amended complaint filed September 21, 2005, in which they asserted a counterclaim for fraud for the first time. Although the Whites did not appeal the referee's denial of their demand for a jury trial prior to final judgment, we hold they did not waive their right to have appellate review of the denial.

This case is similar to *Bateman v. Rouse*, 358 S.C. 667, 596 S.E.2d 386 (Ct.App.2004). In *Bateman*, on the day a jury trial was scheduled, the trial judge *sua sponte* ruled that the appellant was not entitled to a jury trial and held a non-jury trial that same day after only a brief recess. Id. at 671, 596 S.E.2d at 388. The appellant requested that the case be continued to allow her to appeal, but the trial judge refused her request, declaring that a right to a jury trial was not

immediately appealable. Id. at 672, 596 S.E.2d at 388. This court held:

> Because the judge also denied [the appellant's] motion to hold the case in abeyance and because the non-jury trial proceeded shortly after the judge made his erroneous finding that [the appellant] had no right to a jury trial, [the appellant] had no meaningful opportunity to immediately appeal. The judge's denial of [the appellant's] motion to hold the trial in abeyance placed counsel in an untenable position, as [the appellant's] counsel could not both proceed with the trial and immediately appeal the jury trial issue.

*Id.* at 675, 596 S.E.2d at 390. Accordingly, this court concluded the appellant had not waived her right to a jury trial. *Id.* at 676, 596 S.E.2d at 391.

Here, as in *Bateman*, the special referee made his ruling on the Whites' demand for a jury trial on the day of the hearing. Although the Whites requested the referee delay the hearing to allow for them to appeal the ruling, the special referee held they were not entitled to an immediate appeal and proceeded with the trial. Accordingly, we find the Whites appealed the special referee's denial of their motion for a jury trial at the first available opportunity. Thus, this court may consider the denial of their demand for a jury trial.

At the beginning of the hearing, the special referee denied the Whites' motion for a jury trial on the fraud counterclaim because he believed the demand was not timely made.

■ Rule 38(b), SCRCP, provides:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor[e] in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

The Whites demanded a jury trial in their September 21, 2005 answer to Mortgage Electronic's second amended complaint when they asserted their fraud counterclaim for the first time. We find this demand for a jury trial was timely made because it was made within ten days of the service of the last pleading. Accordingly, the trial court was in error in

denying their demand for a jury trial on this basis. However, we find the Whites were not entitled to a jury trial based on their claim for fraud.[2]

"Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions." *Lester*, 327 S.C. at 267, 491 S.E.2d at 242. If the complaint is equitable and the counterclaim legal and compulsory, the defendant has the right to a jury trial on the counterclaim. *C & S Real Estate Servs., Inc. v. Massengale*, 290 S.C. 299, 302, 350 S.E.2d 191, 193 (1986). Therefore, in order to analyze the merits of the Whites' contention, we must determine if the Whites' fraud counterclaim was: (1) compulsory or permissive, and (2) legal or equitable in nature. A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13(a), SCRCP. Here, the fraud counterclaim arises out of the same mortgage transaction as Mortgage Electronic's claim. Therefore, the Whites' fraud counterclaim is compulsory.

A cause of action for fraud may be at law or in equity, depending on the remedy sought. *W. Gordon McCabe & Co. v. Colleton Mercantile & Mfg. Co.*, 106 S.C. 25, 31, 90 S.E. 161, 163 (1916) ("[F]raud is cognizable at law as well as in equity."); *Kiriakides v. Atlas Food Sys. & Serv., Inc.*, 338 S.C. 572, 580, 527 S.E.2d 371, 375 (Ct.App.2000) ("Actionable fraud is an action at law unless an equitable remedy is sought.").

In their counterclaim against Mortgage Electronic, the Whites alleged:

41. The Defendant Whites have been damaged as a result of the fraud on the part of Hugh M. Cooper and/or his employees as the agent for the Plaintiff in that the fraud perpetrated by Hugh M. Cooper has resulted in the filing of a foreclosure action against the [Father] who was not otherwise involved in the transaction and who never spoke with anyone involved in this transaction or signed any documents relating to this transac-

---

**2.** *See I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (noting an appellate court can affirm for any reason appearing in the record).

tion. The [Father's] title is now clouded and he has had to incur attorney's fees and expenses to defend this action and clear the title to his real property.

42. The Defendants White are informed and believe that the Plaintiff, by and through its agent, Hugh M. Cooper, has acted fraudulently and any and all mortgages or other encumbrances against the real property of [Father] have been procured through fraud and are void.

The Whites and Father prayed for actual and punitive damages as well as for Mortgage Electronic to immediately satisfy the mortgage and release any liens against the property.

 The primary relief sought is to have the mortgage declared void. Rescission is an equitable remedy that attempts to undo a contract from the beginning as if the contract had never existed. *Ellie, Inc. v. Miccichi,* 358 S.C. 78, 95, 594 S.E.2d 485, 494 (Ct.App.2004). Although the counterclaim includes a prayer for actual and punitive damages, the only actual damages alleged are those of Father in incurring attorney's fees and expenses to defend the action. The Whites failed to allege any damages they were seeking. Although Father may have been entitled to a jury trial, he failed to appeal the referee's order and he is not a party to this appeal. The Whites are the only appellants in this matter, and as they are not entitled to a jury trial because they sought only equitable relief, they are not aggrieved by the referee's denial of the demand for a jury trial. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 554, 565, 511 S.E.2d 372, 378 (Ct.App.1998) ("A party cannot appeal from a decision which does not affect his interest, however erroneous and prejudicial it may be to the rights and interests of some other person."). Accordingly, the order of the referee denying the demand for a jury trial is affirmed.

### B. Recusal

The Whites maintain the special referee should have recused himself based on his prior representation of Amanda's mother. We disagree.

"A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including instances where he has a personal bias or prejudice against a party." *Koon v. Fares,* 379 S.C. 150, 156, 666 S.E.2d 230, 234 (2008). "It is not sufficient for a party seeking disqualification to simply allege bias; rather, the party must show some evidence of bias or prejudice. If there is no evidence of judicial bias or prejudice, a judge's failure to disqualify himself will not be reversed on appeal." *Id.* (citations omitted). "The fact a trial judge ultimately rules against a litigant is not proof of prejudice by the judge, even if it is later held the judge committed error in his rulings." *Mallett v. Mallett,* 323 S.C. 141, 147, 473 S.E.2d 804, 808 (Ct.App. 1996).

In denying the motion to recuse, the referee explained:

> In this matter I was not aware—didn't put it together that Amanda L. White was the daughter of Debbie Cutter, who I previously represented.... I'm not aware of any bias or prejudice that I would have any negative things and at worse, the other side could see as making me more predisposed since I do know them. But in a small town, you're pretty much always going to know some of the parties.
>
> ... And looking from the rules of when a conflict and when recusal is required, the elements that are required would seem to indicate it would have to be a direct involvement in this particular case or these particular parties, not associated family members. So I don't believe that recusal is required, and I don't believe that there's any bias or prejudice by me continuing on this one, so I'm going to have to deny that motion.

The Whites' only evidence of bias is the special referee's ruling denying their right to a jury trial and the judgment in favor of Mortgage Electronic. The fact the referee ruled against them is insufficient to show actual prejudice. Our review of the record reveals no indication of any actual bias on the part of the special referee. Accordingly, we find no error in the referee's refusal to disqualify himself.

## C. Evidence of Fraud

The Whites argue the special referee erred in awarding judgment to Mortgage Electronic "in light of the fact that the note and the mortgage being foreclosed were procured by fraud." We find this issue is not preserved. "If the losing party has raised an issue in the [trial] court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review." *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000). Although the Whites raised the issue of fraud in their answer to Mortgage Electronic's second amended complaint, the special referee did not rule on the issue in his order. As the Whites failed to file a motion to alter or amend the judgment to preserve the fraud issue, the issue is not properly before this court.

## CONCLUSION

For the above stated reasons, the order of the special referee is

**AFFIRMED.**

WILLIAMS and KONDUROS, JJ. concur.