**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vanderbilt Mortgage and Finance, Inc., Respondent,

v.

Ashton C. Bull, Linda Bull, Park Avenue Homes, and South Carolina Department of Motor Vehicles, Defendants,

Of Whom Ashton C. Bull and Linda Bull are the Appellants.

Appellate Case No. 2015-002194

———————————

Appeal From Darlington County
Martin S. Driggers, Sr., Special Referee

———————————

Unpublished Opinion No. 2018-UP-143
Submitted February 1, 2018 – Filed April 11, 2018

———————————

**AFFIRMED**

———————————

Marcus LeFond Woodson, of The Woodson Law Firm, LLC, of Marion, for Appellants.

Louis H. Lang and Demetri K. Koutrakos, both of Callison Tighe & Robinson, LLC, and Theodore von Keller, of Crawford & von Keller, LLC, all of Columbia, for Respondent.

———————————

**PER CURIAM:**  Ashton C. Bull and Linda Bull appeal a special referee's order granting a motion for summary judgment.  On appeal, the Bulls argue the special referee erred by (1) granting Vanderbilt Mortgage and Finance, Inc. (Vanderbilt) an equitable lien on the subject property when no property was legally attached to the mortgage, (2) finding an equitable mortgage existed when the property had no certificate of title, (3) unlawfully placing a lien on an untitled mobile home, and (4) ruling on the validity of the mortgage prior to a jury trial on Bull's counterclaims. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the special referee erred in granting summary judgment: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the [special referee] under Rule 56(c), SCRCP."); Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."); *Carolina Attractions, Inc. v. Courtney*, 287 S.C. 140, 145, 337 S.E.2d 244, 247 (Ct. App. 1985) ("An equitable lien or charge is neither an estate [n]or property in the thing itself, nor a right to recover the thing, but is simply a right of a special nature over the thing, which constitutes a charge upon the thing so that the very thing itself may be proceeded against in equity for payment of a claim."); *id.* ("For an equitable lien to arise as to specific property, there must be a debt, a duty or obligation owing from one person to another, a res to which the obligation attaches, . . . and an intent, expressed or implied that the property serve as security for the payment or obligation."); *Progressive Max Ins. Co. v. Floating Caps, Inc.*, 405 S.C. 35, 51, 747 S.E.2d 178, 186 (2013) ("A contract may be reformed on the ground of mistake when the mistake is mutual and consists [of] the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it." (quoting *Crosby v. Protective Life Ins. Co.*, 293 S.C. 203, 206, 359 S.E.2d 298, 300 (Ct. App. 1987))); *id.* ("A mistake is mutual whe[n] both parties intended a certain thing and by mistake in the drafting did not obtain what was intended." (quoting *Crosby*, 293 S.C. at 206, 359 S.E.2d at 300)); *id.* ("Reformation is the remedy by which writings are rectified to conform to the actual agreement of the parties." (quoting *Crosby*, 293 S.C. at 206, 359 S.E.2d at 300)).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2. As to whether the special referee erred in finding an equitable mortgage on the property and whether the special referee unlawfully placed a lien on an untitled mobile home: S.C. Code Ann. § 56-19-210 (2018) ("It shall be unlawful for any person to sell or offer for sale or mortgage in this State any vehicle of a type required to be registered and licensed in this State, or any mobile home, unless a certificate of title has been issued therefor and is currently valid . . . ."); *First Fed. Sav. & Loan Ass'n v. Bailey*, 316 S.C. 350, 356, 450 S.E.2d 77, 80 (Ct. App. 1994) ("In equity, to charge property means to impose a burden, duty, obligation or lien; to create a claim against the property."); *Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015) ("[A]n equitable mortgage is a transaction that has the intent but not the form of a mortgage which a court will enforce in equity to the same extent as a mortgage."); *First Fed. Sav. & Loan Ass'n*, 316 S.C. at 356, 450 S.E.2d at 80 ("A lien is not property in the thing to which it attaches, but more properly constitutes a charge upon the thing."); *id.* ("Unlike a mortgage, an 'equitable lien or charge' is neither an estate [n]or property in the thing itself, but is simply a right of a special nature over the thing, which constitutes a charge or encumbrance upon it, so that the very thing itself may be proceeded against in equity for payment of a claim or debt.").

3. As to whether the special referee erred in ruling on the validity of the mortgage prior to a jury trial on Bull's counterclaims: *Goddard v. Fairways Dev. Gen. P'ship*, 310 S.C. 408, 417, 426 S.E.2d 828, 833 (Ct. App. 1993) ("[A]n order of reference which deprives a party of a mode of trial to which he is entitled as a matter of right is immediately appealable."); *First Union Nat. Bank of S.C. v. Soden*, 333 S.C. 554, 565, 511 S.E.2d 372, 377 (Ct. App. 1998) ("The failure to immediately appeal an order affecting the mode of trial effects a waiver of the right to appeal that issue."); *see also Edwards v. Timmons*, 297 S.C. 314, 316, 377 S.E.2d 97, 97 (1988) (finding appellant could not complain after final order that she was deprived of her right to a jury trial because she did not appeal the order referring the matter to the master in equity); *Creed v. Stokes*, 285 S.C. 542, 542-43, 331 S.E.2d 351, 352 (1985) (finding appellant could not later complain that he had been entitled to a jury trial when appellant failed to timely appeal an order referring the dispute to a master in equity).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**