**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Laurel Grove, LLC, Respondent,

v.

Frances Lee Farmer Sullivan, Marcus Lynn Farmer, Nelson Eugene Farmer, Peaches Shawn Farmer, John Anthony Pelzer, Thomas Farmer, Tara Smith, the Heirs of Kimberly Bean, L'kita Brown, Margaret Lois Brown, Robert Brown and Willie Brown as officers, directors, and/or shareholders of the Holy Temple of God Faith Healing Church, the Estate of Lula Mae Knox, Shirley Miller, Norma Williams, Juanita Smith, Evelyn Byrd, James Brown, Norman Smith, Robert Smith, Catherine Stroble, Sharon Brown, the Greenville County Tax Collector, John Doe representing any and all known and unknown heirs of the following individuals who may claim an interest in the Property: Willie R. Brown a/k/a Willie Ruth Brown a/k/a Willie Lee Farmer Brown a/k/a Willie Lee Wilson, Robert R. Brown a/k/a Robert Russell Brown a/k/a Robert Russell Roland Brown, Mary Elizabeth Farmer Crudup, Nelson Farmer, Donnie Rae Farmer, Richard Earle Farmer, Nazeae Jefferson a/k/a Zeon Jefferson, Annie Ruth Farmer Pelzer, Willie Rufus Farmer, Kimberly Bean, Lula Mae Knox, Theodore Byrd, Michael Jerome Smith, and as Defendants whose names are unknown claiming any right, title estate, interest in, or lien upon the real estate described in the Complaint herein, any known adults, their heirs and assigns and all other persons, firms or corporations entitled to claim under by or through the above-named Defendants, being as a class designated as Richard Roe, and any unknown infants or persons under disability

being a class designated as Jane Doe, Defendants.

Of whom Juanita Smith, Evelyn Byrd, Shirley Miller,
and Sharon Brown are the Appellants.

Appellate Case No. 2019-001518

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

Unpublished Opinion No. 2022-UP-215
Submitted March 1, 2022 – Filed May 18, 2022

**AFFIRMED**

Juanita Smith, Evelyn Byrd, Shirley Miller, and Sharon
Brown, all of Spartanburg, pro se.

Aimee Victoria-Ann Leary, of Fox Rothschild LLP, of
Greenville, for Respondent.

**PER CURIAM:** In this action for partition of heirs' property (Property), Juanita
Smith, Evelyn Byrd, Shirley Miller, and Sharon Brown (Appellants) appeal the
master-in-equity's order setting the value of the Property and the procedures for its
sale. Appellants argue the master erred in (1) refusing to order partition in kind,
(2) ordering the Property to be sold at auction without a hearing if the Property
failed to sell on the open market within ninety days, (3) denying their motion to
recuse himself, (4) failing to grant a continuance to allow their appraiser to attend
the hearing, and (5) failing to order a new appraisal after the attorney for plaintiff
Laurel Grove, LLC, interfered with the court-ordered appraisal. We affirm[1]
pursuant to Rule 220(b), SCACR, and the following authorities:

---

[1] To the extent Laurel Grove argues Appellants lack standing, we find that
argument meritless because Appellants are the heirs and devisees of Lula Mae
Knox. *See Pinckney v. Atkins*, 317 S.C. 340, 344, 454 S.E.2d 339, 342 (Ct. App.

1.  We hold Appellants failed to meet their burden of demonstrating the master erred in finding partition in kind would result in manifest injury to the cotenants as a group.  *See* S.C. Code Ann. § 15-61-380 (Supp. 2021) (stating the court shall order partition in kind or by allotment of heirs' property upon the request of a cotenant "unless the court, after consideration of the factors listed in Section 15-61-390, finds that partition in kind or partition by allotment may result in manifest prejudice or manifest injury to the cotenants as a group"); S.C. Code Ann. § 15-61-390(A)(1)-(2) (2021) (listing the factors for the court to consider, including "whether the heirs' property practicably can be divided among the cotenants" and "whether partition by kind or allotment would apportion the property in such a way that the aggregate fair market value of the parcels resulting from the division would be materially less than the value of the property if it were sold as a whole, taking into account the condition under which a court-ordered sale likely would occur"); *Laughon v. O'Braitis*, 360 S.C. 520, 524, 602 S.E.2d 108, 110 (Ct. App. 2004) ("A partition action . . . is an action in equity.  In an appeal from an equitable action, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence."); *id.* at 524-25, 602 S.E.2d at 110 ("However, this broad scope of review does not require this court to disregard the findings at trial or ignore the fact that the [master] was in a better position to assess the credibility of the witnesses."); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (stating "an appealed order comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error").

2.  We hold Appellants' argument the master erred in ordering the Property to be sold at auction without a hearing if the Property failed to sell in the open market is not properly before this court because Appellants failed to raise this issue to the master in a motion to alter or amend.  *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move . . . to alter or amend the judgment in order to preserve the issue for appeal.").

3.  We hold the master did not err in denying Appellants' motion to recuse himself because Appellants presented no evidence of the master's prejudice or bias.  *See*

1995) (providing that "all heirs at law or devisees of the deceased person *shall* be parties" to a partition action).

*Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("[A] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to, instances where he has a personal bias or prejudice against a party."); *id.* ("If there is no evidence of judicial bias or prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *Davis v. Parkview Apartments*, 409 S.C. 266, 288, 762 S.E.2d 535, 547 (2014) ("The fact [that] a trial judge ultimately rules against a litigant is not proof of prejudice by the judge, even if it is later held the judge committed errors in his rulings." (alteration in original) (quoting *Mortg. Elec. Sys., Inc. v. White*, 384 S.C. 606, 616, 682 S.E.2d 498, 503 (Ct. App. 2009))).

4. We hold Appellants' argument the master erred in not granting a continuance to allow for their appraiser to attend the hearing is not preserved for appellate review because Appellants did not request a continuance or otherwise object on the record to proceeding with their appraiser's partner instead of the appraiser they hired. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review.").

5. We hold Appellants' argument the master erred in failing to order a new appraisal due to Laurel Grove's interference is not preserved because the master did not explicitly rule on this argument in his order and Appellants did not request a ruling in a post-trial motion. *See Summersell v. S.C. Dep't of Pub. Safety*, 337 S.C. 19, 22, 522 S.E.2d 144, 145-46 (1999) (stating that when "an issue presented to the [master] in a civil case is not explicitly ruled upon in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appellate review"). Furthermore, assuming the master's acceptance of the appraisal was a ruling, we hold he did not err in accepting the appraiser's testimony that Laurel Grove did not influence his opinion. *See Laughon*, 360 S.C. at 524-25, 602 S.E.2d at 110 (stating the broad scope of review in an equity case does not require the appellate court to ignore the fact that the master was in a better position to access the credibility of the witnesses).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.